30 F.3d 1191
 UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel Bustamante LOMAS, aka: Manuel Lomas Bustamante;
Manuel Bustaman; Manuel Bustamante Gonzalez; Manuel
Bustamante; Manuel Manuel Bustamante Gonzales; Porfirio
Cadena; Juan Alvarado Mendoza; Martin Garary Camacho;
Manuel Alvarado Gonzalez; Manuel Bustamente Lomas,
Defendant-Appellant.
 No. 93-50655.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 7, 1994.
Decided July 27, 1994.
 
 Teresa Alva, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellant.
 Miriam A. Krinsky and Robert Y. Lewis, Asst. U.S. Attys., Los Angeles, CA, for plaintiff-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.
 TROTT, Circuit Judge:
 
 
 1
 Manuel Bustamante-Lomas appeals his conviction and sentence for illegal reentry after deportation and conviction for an aggravated felony in violation of 8 U.S.C. Sec. 1326(b)(2). He claims his prior state conviction for the sale or transportation of cocaine was not an "aggravated felony." We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742, and we affirm.
 
 
 2
 * Bustamante-Lomas is a native and citizen of Mexico with a long criminal history. On at least three occasions, he has been deported to Mexico. Each time, however, he came back to the United States and committed more crimes.
 
 
 3
 Nevertheless, we are only concerned with the details of Bustamante-Lomas's most recent misdeeds. In 1990, he was convicted of the sale or transportation of cocaine in violation of California Health and Safety Code section 11352 and sentenced to five years in state prison. On February 20, 1993, he was paroled and deported to Mexico for the third time. Within weeks, Bustamante-Lomas illegally reentered the United States. On April 28, 1993, he was once again arrested.
 
 
 4
 Bustamante-Lomas was then charged with illegally reentering the United States after deportation and conviction for both aggravated and nonaggravated felonies. 8 U.S.C. Sec. 1326(b). On June 17, 1993, the district court determined that Bustamante-Lomas's 1990 cocaine conviction was an aggravated felony under 8 U.S.C. Sec. 1326(b)(2), because conviction under California Health and Safety Code section 11352(a) fell within 8 U.S.C. Sec. 1101(a)(43)'s definition of "illicit trafficking." Bustamante-Lomas conditionally pled guilty to illegal reentry after deportation and conviction of an aggravated felony, preserving his right to appeal the aggravated felony determination.
 
 
 5
 The district court found Bustamante-Lomas's base offense level to be 8. See U.S. Sentencing Comm'n, Guidelines Manual Sec. 2L1.2(a) (Nov. 1992) (hereinafter "U.S.S.G."). The court added 16 levels because Bustamante-Lomas was previously deported after a conviction for an aggravated felony, see U.S.S.G. Sec. 2L1.2(b)(2), but subtracted 3 levels for acceptance of responsibility, see U.S.S.G. Sec. 3E1.1. Based on a final offense level of 21 and a criminal history category of VI, the district court sentenced Bustamante-Lomas to 77 months, the low-end of the sentencing range, and imposed a three-year term of supervised release and a $50 special assessment.II
 
 
 6
 An alien who reenters the United States without permission after being deported "subsequent to a conviction for commission of an aggravated felony" may be sentenced to 15 years imprisonment. 8 U.S.C. Sec. 1326(b)(2). If the deportation was "subsequent to a conviction for commission of a felony (other than an aggravated felony)," the maximum sentence is five years. Id. Sec. 1326(b)(1). An "aggravated felony" is defined to include
 
 
 7
 any illicit trafficking in any controlled substance (as defined in section 802 of Title 21), including any drug trafficking crime as defined in section 924(c)(2) of Title 18, ... or any attempt or conspiracy to commit any such act. Such term applies to offenses described in the previous sentence whether in violation of Federal or State law....
 
 
 8
 Id. Sec. 1101(43); see also U.S.S.G. Sec. 2L1.2, comment. (n. 7). "Drug trafficking crime" is defined in 18 U.S.C. Sec. 924(c)(2) as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C.App. 1901 et seq.)."
 
 
 9
 To determine whether Bustamante-Lomas's 1990 conviction for the sale or transportation of cocaine constitutes an aggravated felony, we look only at the statutory definition of section 11352(a) of the California Health and Safety Code, not the underlying factual circumstances of his crime. See United States v. Reyes-Castro, 13 F.3d 377, 379 (10th Cir.1993); United States v. Rodriguez, 979 F.2d 138, 140-41 (8th Cir.1992); cf. Taylor v. United States, 495 U.S. 575, 602, 110 S.Ct. 2143, 2160, 109 L.Ed.2d 607 (1990) (applying categorical approach to determine whether a crime is a violent felony under federal Armed Career Criminal Act). The government argues it should be allowed to prove whether Bustamante-Lomas's actual conduct constituted an aggravated felony because the prior felony conviction is an element of the offense, not just a sentence enhancement factor. See United States v. Campos-Martinez, 976 F.2d 589, 592 (9th Cir.1992); United States v. Gonzalez-Medina, 976 F.2d 570, 572 (9th Cir.1992). That distinction is irrelevant in this case. A prior felony conviction is an element of the offense, but whether an offense is an aggravated felony or a nonaggravated felony is a question of law for the court to decide. A categorical approach to deciding this issue avoids the enormous problems of re-litigating past convictions, especially in cases where the defendant pleads guilty and there is no record of the underlying facts. See Taylor, 495 U.S. at 601, 110 S.Ct. at 2159-60; see also Custis v. United States, --- U.S. ----, ----, 114 S.Ct. 1732, 1737-39, 128 L.Ed.2d 517 (1994). Thus, the issue is not whether Bustamante-Lomas's actual conduct constituted an aggravated felony, but whether the full range of conduct encompassed by section 11352(a) constitutes an aggravated felony.
 
 
 10
 Section 11352(a) of the California Health and Safety Code provides, in pertinent part, that
 
 
 11
 every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport [cocaine] ... shall be punished by imprisonment in the state prison for three, four, or five years.
 
 
 12
 Bustamante-Lomas notes that under California law, a defendant may be convicted of violating section 11352(a) if he merely transports a minimal amount of cocaine solely for personal use. See People v. Cortez, 166 Cal.App.3d 994, 212 Cal.Rptr. 692, 693 (1985) (holding that section 11352 prohibits the transportation of small amounts of heroin for personal use); see also People v. Rogers, 5 Cal.3d 129, 95 Cal.Rptr. 601, 602-04, 486 P.2d 129, 132-34 (1971) (interpreting similar provision regarding transportation or sale of marijuana).[1] Bustamante-Lomas then argues the transportation of small amounts of cocaine for personal use is not "illicit trafficking in any controlled substance," and thus, a violation of section 11352(a) is not an aggravated felony. In support of his argument, Bustamante-Lomas cites Black's Law Dictionary which defines "trafficking" as "[t]rading or dealing in certain goods ... commonly used in connection with illegal narcotic sales." Black's Law Dictionary 1495 (6th ed. 1990).
 
 
 13
 We reject Bustamante-Lomas's claim. In United States v. Arzate-Nunez, 18 F.3d 730, 736 (9th Cir.1994), we upheld a conviction under 8 U.S.C. Sec. 1326(b)(2) based on the defendant's prior conviction under section 11352(a) of the California Health and Safety Code. Although the opinion did not specifically address whether section 11352(a) was an aggravated felony within the meaning of 8 U.S.C. Secs. 1101(a)(43) and 1326(b)(2), we are reluctant to conclude that the Arzate-Nunez court ignored the aggravated felony requirement of Sec. 1326(b)(2).
 
 
 14
 California's statutory scheme for narcotics offenses suggests that a violation of section 11352(a), by itself, constitutes "illicit trafficking" (i.e., an aggravated felony). The punishment range for simple possession of cocaine is sixteen months, two years, or three years. Cal.Health and Safety Code Sec. 11350; Cal.Penal Code Sec. 18. The punishment range for possession with intent to sell is two, three, or four years. Cal.Health & Safety Code Sec. 11351. But the punishment range for transporting even a small amount of cocaine for personal use is three, four, or five years. Id. Sec. 11352. As the Rogers Court explained, the state legislature apparently assumed "the potential for harm to others is generally greater when narcotics are being transported from place to place, rather than merely held at one location." 95 Cal.Rptr. at 605, 486 P.2d at 133. Section 11352(a) requires proof of movement or sale of cocaine, not just possession. It certainly does not strain the definition of aggravated felony to suggest that section 11352(a) encompasses the category of conduct which Congress intended to include in its definition of "illicit trafficking." Bustamante-Lomas believes the term "trafficking" should be limited to trading or dealing, but we think it can reasonably be construed to encompass the movement of narcotics as well. Otherwise, all defendants convicted under section 11352(a), even those who sold large quantities of cocaine, would not be guilty of an aggravated felony. Such a peculiar result is hard to square with congressional intent.
 
 
 15
 Section 11352(a) is also analogous to 21 U.S.C. Sec. 952, which is included in 18 U.S.C. Sec. 924(c)(2)'s definition of "drug trafficking crime." 21 U.S.C. Sec. 952 punishes the knowing importation of a controlled substance into the United States. Importing a controlled substance solely for personal use would fall under this definition, undermining Bustamante-Lomas's argument that section 11352(a) is not a drug trafficking crime because it does not require proof of intent to distribute.[2]
 
 
 16
 Therefore, we hold that a conviction under section 11352(a) of the California Health and Safety Code is an aggravated felony under both 8 U.S.C. Sec. 1326(b)(2) and U.S.S.G. Sec. 2L1.2(b)(2).
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Rogers was a 4-3 decision. Interpreting language identical to section 11352(a), the dissent argued "transport" should be interpreted to mean moving "for the purpose of facilitating its sale or distribution to others." 95 Cal.Rptr. at 611, 486 P.2d at 139 (Mosk, J., concurring and dissenting). The dissent asserted the statute was designed "to control trafficking in this contraband." Id. 95 Cal.Rptr. at 610, 486 P.2d at 138 (Mosk, J., concurring and dissenting). Otherwise, a person who moved a small amount of a drug incident to his possession would be subject to a greater penalty than someone who possessed "commercial quantities" of a drug "with the specific intent of trafficking" in the drug. Id. 95 Cal.Rptr. at 612, 486 P.2d at 140 (Mosk, J., concurring and dissenting)
 
 
 [2]
 The government suggests an additional reason why Bustamante-Lomas's 1990 conviction should be treated as an aggravated felony. Before the 1990 conviction, Bustamante-Lomas had already been convicted of selling or transporting marijuana in 1988. In Amaral v. INS, 977 F.2d 33, 36 (1st Cir.1992), the First Circuit held that a state drug possession conviction following a previous state drug possession conviction constituted an aggravated felony under 8 U.S.C. Sec. 1101(43). See also United States v. Forbes, 16 F.3d 1294, 1300-01 (1st Cir.1994). Thus, even if section 11352(a) merely punished possession, a violation of section 11352(a) could be considered a "drug trafficking crime" (i.e., an aggravated felony), if it was a defendant's second drug offense
 We do not rely on this argument to uphold Bustamante-Lomas's conviction and sentence because the government raised the argument for the first time on appeal, see Boardman v. Estelle, 957 F.2d 1523, 1535 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 297, 121 L.Ed.2d 221 (1992), and because the indictment charging Bustamante-Lomas with violating 8 U.S.C. Sec. 1326(b)(2) did not allege or describe the 1988 marijuana conviction, see Fed.R.Crim.P. 7(c)(1) ("The indictment ... shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.").