62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
Raul SOLIS-ESTRADA Defendant-Appellant.
 No. 94-50341.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1995.
Decided July 27, 1995.
 
 Before: McKay,* Reinhardt, and Fernandez, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Solis-Estrada appeals from his conviction under 8 U.S.C. Sec.1326(b)(2) for reentry after deportation subsequent to an aggravated felony conviction. He challenges the district court's failure to suppress his incriminating statements made during an investigatory stop, and the jury instructions which had the effect of removing a factual element of the charged offense from the jury. Although we find that the refusal to suppress statements was not error, we reverse on the ground of the erroneous jury instructions and remand for a new trial.
 
 I. The Suppression Motion
 
 3
 Two San Diego border patrol agents were on duty in their marked border patrol car when they spotted Solis-Estrada walking down the street toward their vehicle. He made eye contact with them and immediately reversed directions. A chase ensued. Eventually the agents apprehended Solis-Estrada after a short scuffle in a dead-end area. One agent asked Solis-Estrada about his citizenship and whether he had proper documents to be present in the United States. Solis-Estrada truthfully answered that he was a Mexican citizen without any appropriate documentation. He was then arrested and transported to the Border Patrol detention center. At the center, he was advised of his Miranda rights (in Spanish), and he once again admitted to being unlawfully present in the United States, this time adding that he had previously been convicted and deported. He was subsequently indicted for the crime of being present in the United States after prior deportation.
 
 
 4
 Solis-Estrada moved to suppress his statements made during the initial street confrontation on the ground that they were elicited in violation of Miranda. The district court denied the motion, finding that Solis-Estrada was not in custody at the time. Solis-Estrada challenges this ruling and argues that he was "in custody" because he was not free to leave once the officers apprehended him.
 
 
 5
 Although it is clear that Solis-Estrada was "seized" within the meaning of the Fourth Amendment, see Terry v. Ohio, 88 S.Ct. 1868, 1877 (1968), not everyone who is seized is necessarily "in custody" for purposes of Miranda. Law enforcement officials may make limited investigatory seizures if they have reasonable suspicion that some sort of criminal activity is afoot. Accordingly, border patrol agents may stop and detain persons suspected of being illegal aliens, so long as their suspicions are reasonably grounded and their inquiries are limited. See United States v. Brignoni-Ponce, 95 S.Ct. 2574, 2580 (1975). Because the agents' detention and limited questioning of Solis-Estrada constitutes an investigatory stop, they were not required to issue Miranda warnings. See United States v. Woods, 720 F.2d 1022, 1029-30 (9th Cir. 1983). Moreover, the fact that Solis-Estrada was knocked to the ground during a scuffle did not transform the stop into a custodial seizure. See United States v. Moore, 638 F.2d 1171, 1174-75 (9th Cir. 1980) ("If a man is not free to go, the use of any reasonable means to secure him does not promote what would otherwise be a mere detention into an arrest.")
 
 
 6
 The district court found that Solis-Estrada was not "in custody" for purposes of Miranda at the time that his immigration status was first ascertained. This finding was not clearly erroneous.
 
 II. The Jury Instructions
 
 7
 Solis-Estrada raises two objections to the jury instructions: First, that the trial court inappropriately instructed the jury that burglary was an aggravated felony as a matter of law; Second, that he erred in instructing the jury that Solis-Estrada had been convicted of burglary.
 
 A. "Aggravated Felony" Issue
 
 8
 In a one count indictment, Solis-Estrada was charged with being found in the United States after prior deportation subsequent to a conviction for an aggravated felony in violation of 8 U.S.C. Secs. 1326(a) and (b)(2). [CR 6.] Section 1101(a)(43) of 8 U.S.C. sets forth the definition of an "aggravated felony" and it incorporates by reference all "crimes of violence" as defined in 18 U.S.C. Sec.16. The district court determined that Solis-Estrada's first degree burglary conviction fell within this definition.[1] Solis-Estrada asserts that rather than the court making this determination as a matter of law, the jury should have been instructed on the definition of aggravated felony and been permitted to determine whether the factual circumstances of his prior conviction met that definition.
 
 
 9
 Resolution of this issue is controlled by our recent case of United States v. Bustamante-Lomas, 30 F.3d 1191 (9th Cir. 1994). In Bustamante-Lomas, the defendant was charged with illegally reentering the country after deportation and conviction for both aggravated and non-aggravated felonies. On appeal, we determined that whether the defendant's drug conviction constituted an aggravated felony required examining only the state's statutory definition of the crime generally, not the underlying factual circumstances of the defendant's particular criminal act. 30 F.3d at 1193. Accordingly, the question was whether the range of behavior criminalized in the state code fell within the federal code's definition of aggravated felony. We specifically rejected the argument now urged by Solis-Estrada that because the 1326(a) & (b) statutory scheme embodied separate offenses rather than sentence enhancements, the government should prove whether the defendant's actual conduct constituted an aggravated felony.
 
 
 10
 Solis-Estrada attempts to distinguish Bustamante-Lomas by arguing that the state statute for burglary is much broader than the one for drug trafficking, and that accordingly, determining whether a burglary is an aggravated felony is a mixed question of law and fact. He argues that under United States v. Gaudin, 28 F.3d 943, 949 (9th Cir. 1994) (en banc) aff'd 115 S.Ct. XXX (1995), a mixed question of law and fact must be submitted to the jury.
 
 
 11
 However, this argument is virtually indistinguishable from the one we rejected in Bustamante-Lomas. There, we explained that to determine whether a crime is an aggravated felony requires examining the range of conduct penalized by the state statute. Under this construction of "aggravated felony," the defendant's actual conduct is irrelevant. Accordingly, as the district court noted, the classification becomes an issue of statutory interpretation, and as such is devoid of any factual component. Thus, Solis-Estrada's argument that this is a mixed question fails. Because the "aggravated felony" inquiry is accurately characterized as purely legal, it need not be submitted to the jury. Gaudin, 28 F.3d at 949.
 
 B. The Fact of Conviction
 
 12
 Solis-Estrada's final argument centers on whether the fact of his conviction was an element of the offense that was improperly removed from the jury. He objects to the following specific portion of the jury instructions:
 
 
 13
 You are further instructed that the offense of first-degree burglary as pertains to this case and this defendant, of which this defendant was convicted, is found by the court to be an aggravated felony.
 
 
 14
 SER at 202 (emphasis added). Solis-Estrada argues that this instruction informed the jury that it was a fact that the defendant had been convicted of the prior crime. He argues that because proof of prior conviction is an element of the offense under Sec.1326(b)(2), this instruction improperly removed an essential element of the crime from the jury. Solis-Estrada failed to object to this instruction before the jury retired, thus we review under a plain error standard. See United States v. Boone, 951 F.2d 1526, 1541 (9th Cir. 1991). The parameters of plain error review have recently been clarified in United States v. Olano, 113 S.Ct. 1770 (1993). First, we must determine whether the instructions were error, and then we must determine whether this error meets the Olano standard.
 
 
 15
 We find that the instructions here were in error. Unlike the "aggravation" issue, it is clear that at a minimum the government is required to prove the fact of a prior conviction as an element of a Sec.1326(b)(2) charge. See United States v. Gonzalez-Medina, 976 F.2d 570 (9th Cir. 1992); United States v. Campos-Martinez, 976 F.2d 589 (9th Cir. 1992). The jury instructions here did not require the government to prove this essential element of the crime. The court's pertinent instruction went as follows:
 
 
 16
 Now, the defendant is charged in the indictment with reentry of a deported alien in violation of section 1326, Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove beyond a reasonable doubt the following elements:
 
 
 17
 First. The defendant is not a citizen of the United States.
 
 
 18
 Second. The defendant was deported from the United States.
 
 
 19
 Third. Prior to his deportation, the defendant was convicted of an aggravated felony.
 
 
 20
 Fourth. The defendant reentered the United States without the consent of the Immigration and Naturalization Service.
 
 
 21
 The term alien means any person not a citizen or national of the United States. The term national means a person owing permanent allegiance to a state.
 
 
 22
 You are further instructed that the offense of first-degree burglary as pertains to this case and this defendant, of which this defendant was convicted, is found by the court to be an aggravated felony. And you are -- and the instruction requires you to find that it was an aggravated felony. That's a matter of law.
 
 
 23
 SER at 201-02 (emphasis added). Earlier in the jury charge, the court stated:
 
 
 24
 You will decide what the facts are from the evidence which will consist only of the testimony of witnesses, documents, and other things received by me into the trial record as exhibits and any facts on which the lawyers agree or on which I may instruct you to find.
 
 
 25
 SER at 196 (emphasis added).
 
 
 26
 Although the jury was told that the government had to prove that the defendant had been convicted of an aggravated felony, a fair reading of the challenged instruction makes it clear that the court had already made that determination. From the court's statement, nothing remained for the jury to decide with respect to the third element of the crime. It told them that the defendant "was convicted" of first-degree burglary and that this conviction was an aggravated felony as a matter of law. Thus, the instruction erroneously removed an essential element of the offense from the jury.
 
 
 27
 Because we find that the jury instructions here were in error, the remainder of our analysis is controlled by Gaudin. In Gaudin, we analyzed under the Olano plain error standard an error involving the failure to permit the jury to decide on an element of the offense. For an appellate court to have authority to reverse a "plain error," it must "affect substantial rights." Further, it can only exercise its discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." See Olano, 113 S.Ct. at 1772. In Gaudin, we found that both of these Olano requirements were met: erroneously removing an element of the offense from the jury constitutes a structural defect, thus affecting substantial rights; and such a removal seriously affects the fairness and integrity of judicial proceedings. Gaudin, 28 F.3d at 951-52. In light of Gaudin, it is clear that the error which occurred here satisfies all the requirements of the Olano plain error standard and warrants reversal. Accordingly, we reverse the defendant's conviction and remand for a new trial.
 
 
 28
 REVERSED and REMANDED.
 
 
 
 *
 The Honorable Monroe G. McKay, Senior Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 First degree burglary under California Penal Code Sec.460(1) is defined as burglary of an inhabited dwelling house, trailer coach, or inhabited portion of any building. The district court concluded that burglary of an inhabited dwelling carries with it the threatened use of force against both people and property. This classification of California first degree burglary is in accord with our prior cases. See, e.g. United States v. Becker, 919 F.2d 568 (9th Cir. 1990) (categorizing California first degree burglary as a "crime of violence" for purposes of the career offender provisions of the sentencing guidelines)