87 F.3d 1320
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arturo Oscar LEWIN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70867.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1996.*
Decided June 17, 1996.
 
 Before: FARRIS, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 INTRODUCTION
 
 2
 Arturo Oscar Lewin, a native and citizen of Chile, petitions for review of an order of the Board of Immigration Appeals (BIA) reversing the decision of an Immigration Judge (IJ) which granted Lewin's request for a discretionary waiver of deportation under Section 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c). Lewin was found deportable under 8 U.S.C. § 1251(a)(11) for having been convicted of a drug offense. We deny the petition for review.
 
 JURISDICTION
 
 3
 On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214. Included in the AEDPA was a provision removing judicial review of deportation orders for aliens convicted of a drug offense. See AEDPA § 440(a).
 
 
 4
 Because the BIA ordered Lewin deported based on a narcotics conviction, section 440(a) appears to apply to Lewin's petition and to deprive this court of jurisdiction. However, the AEDPA presents difficult, even arcane, issues regarding retroactivity and constitutionality. By contrast, Lewin's petition raises clear issues, which are easily resolved and whose resolution leads to the same conclusion as would our lack of jurisdiction.
 
 
 5
 Because Lewin's petition presents issues that are substantially clearer than the jurisdictional issue, we apply the doctrine of hypothetical jurisdiction and simply decide the issues presented by the petition. See In re Grand Jury Subpoena Issued to Bailin, 51 F.3d 203, 206 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 472, 133 L.Ed.2d 402 (1995); Wong v. Ilchert, 998 F.2d 661, 662-63 (9th Cir.1993); Clow v. United States Dep't of Housing & Urban Dev., 948 F.2d 614, 616 (9th Cir.1991) (per curiam).
 
 DISCUSSION
 
 6
 Lewin concedes that he is a deportable alien. However, even though an alien is deportable, the INA allows the Attorney general to grant discretionary relief to aliens who meet the residency requirement. See 8 U.S.C. § 1182(c).[1]
 
 1. Seriousness of Drug Offense
 
 7
 Lewin was convicted of felony sale or transportation of cocaine in violation of Cal.Health & Safety Code § 11352. This offense is analogous to distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). See United States v. Lomas, 30 F.3d 1191, 1194 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1158, 130 L.Ed.2d 1114 (1995). As such, Lewin was convicted of a felony which would be punishable under the Controlled Substance Act and, therefore, can be defined as a drug trafficking crime. See id.; 18 U.S.C. § 924(c)(2). It would also fit the categories of an aggravated felony and a serious drug offense. See 8 U.S.C. § 1101(a)(43)(B); Matter of Burbano, Interim Decision 3229 at n. 4 (BIA1994). Also, the fact that Lewin was convicted of two counts of sale or transportation of cocaine while on probation for a another drug trafficking crime is sufficient to support the finding that Lewin's conviction constituted a serious drug offense. See Lomas, 30 F.3d at 1194.
 
 2. Balancing of Equities Pursuant to 212(c)
 
 8
 Because Lewin was convicted of a serious drug offense, Lewin must demonstrate outstanding equities in his favor in order to receive discretionary relief. See Kahn v. I.N.S., 36 F.3d 1412, 1413 (9th Cir.1994) (per curiam); Ayala-Chavez v. I.N.S., 944 F.2d 638, 641 (9th Cir.1991).
 
 
 9
 Lewin presented some equities in his favor. For example, he has a wife who is a United States citizen, a mother who is a legal resident, and a brother who is a United States citizen. All live here in the United States. He also has five children from a prior common-law marriage in Chile who now reside in the United States, although they got here without his help. Lewin has resided in the United States for fourteen years, although, as the BIA points out, he was twenty-four years old when he arrived here. Lewin's wife testified that Lewin's deportation would cause a hardship to her because she loves him but would not want to leave her job and emigrate to Chile.
 
 
 10
 Nevertheless, as the BIA noted, his wife was the only relative to testify on his behalf and he was unable to demonstrate the residential status of his children, or even to indicate that he knew much about them. The BIA also noted that when given additional time to obtain evidence Lewin was unable to demonstrate the financial support for his children and his mother that he had testified to at the hearing before the IJ. Nor did he present evidence to support his claim that he had a successful business. Moreover, the BIA was not greatly impressed by his claim of rehabilitation, and correctly held that he did not show service to the community. Also, he came here as an adult, not as a child, and he is neither elderly nor infirm.
 
 
 11
 Our review of the BIA's decision to deny discretionary relief is deferential. See I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992); Ayala, 944 F.2d at 642. The BIA listed the factors in favor of and against granting Lewin discretionary relief. It did what was required of it when it weighed the equities and supported its conclusions with an impressive and well reasoned explanation based upon legitimate concerns. See Ayala, 944 F.2d at 642. Thus, we cannot say that the BIA abused its discretion when it denied Lewin discretionary relief.
 
 PETITION DENIED
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The AEDPA also contains a provision that makes aliens who are convicted of a selling drugs, such as Lewin, ineligible for discretionary relief. We decline to decide whether that provision applies retrospectively to Lewin. It would not change the outcome of our decision