Benjamin ALVARADO–OCHOA, Plaintiff—Appellant,

v.

John ASHCROFT, Attorney General, Defendant—Appellee.

No. 02–56669.

D.C. No. CV–00–01022–MJL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 17, 2003.

Decided Aug. 6, 2003.

---

* The Honorable Donald Pogue, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before KLEINFELD, WARDLAW, Circuit Judges, and POGUE, CIT Judge.*

MEMORANDUM**

Benjamin Alvarado–Ochoa appeals the district court's denial of his 28 U.S.C. § 2241 habeas petition requesting relief from removal. We have jurisdiction over a final judgment denying a habeas petition pursuant to 28 U.S.C. § 1291, and we reverse.

■ Preliminarily, we reject the government's contention that the issue of whether Alvarado is an aggravated felon is barred by res judicata. On direct review, we determined Alvarado's conviction for transportation of a controlled substance was an aggravated felony, as required by *United States v. Lomas,* 30 F.3d 1191 (9th Cir.1994). An en banc panel of this court reversed the *Lomas* decision in *United States v. Rivera–Sanchez,* 247 F.3d 905 (9th Cir.2001), and thus the issue may be relitigated. *See Clifton v. Attorney Gen. of Cal.,* 997 F.2d 660, 663 (9th Cir.1993) (recognizing "the traditional exception to res judicata 'where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation'" (quoting *State Farm v. Duel,* 324 U.S. 154, 162, 65 S.Ct. 573, 89 L.Ed. 812 (1945))).

■ Alvarado's state conviction for transportation of cocaine no longer constitutes an aggravated felony. Applying *Rivera–Sanchez*'s modified categorical approach, a drug offense qualifies as an "ag-

* The Honorable Donald Pogue, U.S. Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

gravated felony" under 8 U.S.C. § 1101(a)(43)(B) if it is (1) punishable under the federal Controlled Substances Act and (2) a felony. *United States v. Arellano–Torres,* 303 F.3d 1173, 1177 (9th Cir. 2002). While Alvarado's state transportation conviction is a felony in California, *see* Cal. Health & Safety Code § 11356, it is not punishable under the Controlled Substances Act, *see* 21 U.S.C. §§ 801–971; *see also Rivera–Sanchez,* 247 F.3d at 908.

Furthermore, as the INS concedes, the expungement of Alvarado's state conviction for simple possession eliminates its immigration consequences. *See* Federal First Offender Act, 18 U.S.C. § 3607; *Lujan–Armendariz v. INS,* 222 F.3d 728, 737–38 (9th Cir.2000). Therefore, neither of Alvarado's state convictions constitute deportable offenses. Accordingly, we reverse the decision of the district court and remand with directions that it grant the writ and order Alvarado's immediate release.

**REVERSED.**