

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2006

# USA v. Barralaga-Rodriguez

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1897

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Barralaga-Rodriguez" (2006). *2006 Decisions.* Paper 1693.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1693

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1897

UNITED STATES OF AMERICA

v.

ANTONIO AMILCAR BARRALAGA-RODRIGUEZ,
Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Crim. No. 04-cr-00563
District Judge: The Honorable Robert B. Kugler

Submitted Under Third Circuit LAR 34.1(a)
November 17, 2005

Before: BARRY and AMBRO, <u>Circuit Judges</u>, and POLLAK,[*] <u>District Judge</u>

(Opinion Filed: January 31, 2006)

OPINION

_____

[*]The Honorable Louis H. Pollak, District Judge, United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

BARRY, Circuit Judge

Appellant Antonio Amilcar Barralaga-Rodriguez is a native of Honduras who illegally entered the United States in 1992. On April 19, 1993, he was convicted of possession of cocaine and sentenced to 90 days in prison and three years probation. On June 13, 1993, he was arrested in Los Angeles for selling cocaine, and was convicted of that offense under California Health and Safety Code § 11352(a). Appellant was sentenced to six months imprisonment and three years probation on that conviction. On September 27, 1993, he was deported to Honduras.

Appellant illegally re-entered the United States on July 2, 1994 only to be deported to Honduras about one month later. In October 2003, he again illegally re-entered the United States and seven months later was arrested on drug-related charges and for possession of false INS documents. He was subsequently convicted on that arrest and sentenced to 60 days imprisonment.

On August 3, 2004, appellant was charged with the offense of illegal reentry into the United States by a deported alien "whose removal was subsequent to a conviction for commission of an aggravated felony," in violation of 8 U.S.C. § 1326(a) and (b)(2). The definition of "aggravated felony" includes "illicit trafficking in a controlled substance (as defined in section 102 of the controlled Substances Act [21 U.S.C.S. § 8021]), including a drug trafficking crime (as defined in section 924(c) of title 18, United States Code)," 8 U.S.C. § 1101(a)(43)(B). Appellant and the government entered into a plea agreement

2

which contained a number of stipulations.  Among other things, appellant stipulated to a 12-level increase in his offense level under U.S. Sentencing Guidelines ("Guidelines") section 2L1.2(b)(1)(B) "because defendant previously was deported after a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less." (App. 19).  Additionally, appellant agreed to waive his right to appeal were the District Court to find the total offense level equal to or less than 17.  The government agreed to do the same but only if the Court set the total offense level at or greater than 17.

On October 21, 2004, appellant pled guilty.  During the plea colloquy, he acknowledged, inter alia, that he was not a United States citizen, that he had been convicted "of selling, transporting or offering to sell a controlled dangerous substance," an aggravated felony; that he had been deported after that conviction; and that he illegally reentered the United States.  Appellant further stated that he agreed to the stipulations in the plea agreement and agreed to waive his right to appeal absent circumstances not present here.  The District Court accepted the plea.

Appellant was sentenced to 30 months imprisonment.  The District Court applied the stipulated 12-level increase resulting in a total offense level of 17, which, when combined with a criminal history category of II, computed to a guideline range of 27 to 33 months imprisonment.  This appeal followed.

## I. Discussion

### A. Waiver of Appeal

We review the validity of a waiver of appeal de novo. United States v. Khattak, 273 F.3d 557, 560(3d Cir. 2001). A waiver of appeal is generally enforceable provided it was "entered into knowingly and voluntarily, unless [it] work[s] a miscarriage of justice." Id. at 558. If the waiver is enforceable, we must dismiss the appeal for lack of jurisdiction.

#### 1. Knowingly and Voluntarily

Appellant argues that he did not knowingly waive his right to appeal because counsel was unaware of two Ninth Circuit cases that could or would have made a difference as to whether his conviction under section 11352(a) of the California Health and Safety Code was an aggravated felony. In those cases, the Ninth Circuit held that convictions under sections 11360(a) and 11379(a) of the Code, which are identical in language to section 11352(a) save for the fact that they apply to different controlled substances, do not qualify as aggravated felonies under 8 U.S.C. § 1101(a)(43) because the broad language of the provisions punishes even the mere solicitation of drugs. See United States v. Navidad-Marcos, 367 F.3d 903, 907 (9th Cir. 2004) (section 11379(a)); United States v. Rivera-Sanchez, 247 F.3d 905, 909 (9th Cir. 2001) (en banc) (section 11360(a)). Section 1101(a)(43), we note, controls the definition of "aggravated felony" for both 8 U.S.C. § 1326(b)(2) and Guidelines section 2L1.2(b)(1)(A). Moreover,

4

Rivera-Sanchez expressly overruled United States v. Lomas, 30 F.3d 1191, 1194 (9th Cir. 1994), which held that a conviction under section 11352(a) was an aggravated felony under Guidelines section 2L1.2(b)(1)(A). Thus, appellant argues, a conviction for violating section 11352(a) is, on its face at least, not an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2) or Guidelines section 2L1.2(b)(1)(A). Because he relied on counsel's erroneous conclusion that his California drug conviction automatically qualified as an aggravated felony, he stipulated to an enhanced sentence and waived his right to appeal, a waiver that in retrospect was not knowingly entered into.[1]

Appellant misunderstands the nature of the knowledge requirement. In the plea agreement context, "knowingly" waiving the right to appeal means that the waiving defendant must have knowledge of the ramifications of his or her decision, not knowledge of whether it will ultimately turn out to be a smart decision. As explained in Khattak, the sentencing judge plays a key role in assuring that the defendant has this knowledge by means of the Rule 11 colloquy. Khattak, 273 F.3d at 563.

One ramification of a waiver of appeal is that the waiver applies regardless of the merits of the defendant's case, and even in the face of blatant error. Id. at 561-62 (citing United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999)). If this were not true, "[e]very plea would become a conditional plea, with the (unstated) condition that the

---

[1]The thrust of appellant's argument is that the waiver of appeal should not be enforced, not that his plea of guilty should be vacated; indeed, he does not dispute that he sold cocaine and pled guilty to doing so.

defendant obtains the benefit of favorable legal developments, while the prosecutor is stuck with the bargain no matter what happens later." United States v. Lockett, 406 F.3d 207, 215 (3d Cir. 2005) (quoting Young v. United States, 124 F.3d 794, 798 (7th Cir. 1997)).

The Rule 11 colloquy was thorough. As relevant here, the District Court informed appellant that it was the government's burden to prove the charges to which he was pleading guilty, including the fact that he was "deported or removed because [he was] convicted of an aggravated felony." (App. 27.) Further, the Court told appellant that by pleading guilty he gave up the right to force the government "to prove this case beyond a reasonable doubt." (App. 33.) As to the waiver of appeal, the Court warned appellant that '[n]ormally you'd have a right to appeal a sentence, but that by operation of [your plea agreement] both you and the Government are giving up a lot of your rights to appeal." Appellant affirmed his agreement to the stipulations in the plea agreement, including the waiver of appeal, and said he understood. At the end of the colloquy, the District Court found that appellant was "competent, [and] capable of entering a knowing and intelligent plea and that he has waived his rights." (App. 38.) We see no reason to disagree with that conclusion and, without more, we would dismiss the appeal for lack of jurisdiction.

2.    **Miscarriage of Justice**

There is more, however, such that it is unclear whether we do or do not have

6

jurisdiction over this appeal. A defendant can escape his or her otherwise knowing and voluntary waiver of appeal if a miscarriage of justice would result from its enforcement. Khattak, 273 F.3d at 563. Appellant argues that because his prior conviction under section 11352(a) is not an aggravated felony for 8 U.S.C. § 1101(a)(43) purposes, his sentence was significantly affected in two ways: (1) instead of facing a statutory maximum of twenty-four months imprisonment under § 1326(a),[2] he faced (and received) thirty months under § 1326(b)(2); and (2) he received 12-level increase in his base offense level under Guidelines section 2L1.2(b)(1)(B).

We have identified six factors in determining whether there has been a miscarriage of justice: (1) the clarity of the error; (2) the gravity of the error; (3) the character of the error, e.g., "whether it concerns a fact issue, a sentencing guideline, or a statutory maximum"; (4) the error's effect on the defendant; (5) "the impact of correcting the error on the government"; and (6) "the extent to which the defendant acquiesced in the result." Khattak, 273 F.3d at 563 (quoting United States v. Teeter, 257 F.3d 25-26 (1st Cir. 2001)).

Each of the above factors presupposes error on the part of the District Court. It is

---

[2]It is more likely that appellant would have faced a statutory maximum of ten years under § 1326(b)(1) instead of the mere twenty-four months he claims under § 1326(a). Even if not an aggravated felony, appellant's conviction under § 11352(a) is still a felony since the offense is punishable by state imprisonment. See § 11352(a); Cal. Penal Code § 17(a). Under 8 U.S.C. § 1326(b)(1), "any alien . . . whose removal was subsequent to a conviction for . . . a felony (other than an aggravated felony) . . . shall be imprisoned not more than 10 years."

unclear, however, how the District Court made <u>any</u> error here. Indeed, appellant admits that the critical error was made by <u>his own counsel</u> in overlooking the two Ninth Circuit cases mentioned earlier. Ineffective assistance of counsel can serve as the predicate for setting aside a valid plea. <u>United States v. Broce</u>, 488 U.S. 563, 574 (1989); <u>United States v. Thornton</u>, 327 F.3d 268, 271 (3d Cir. 2003).

The issue of waiver is inextricably intertwined with the issue of ineffectiveness of counsel. It may be that appellant's § 11352(a) conviction is not a felony drug trafficking offense – an aggravated felony – and that enforcing the waiver would work a miscarriage of justice. It also may be that that conviction is a felony drug trafficking offense but that appellant was not prejudiced by any failure of counsel. Our jurisdiction depends upon which conclusion is correct, and we cannot make that determination on this record. We will, therefore, remand to the District Court for it to determine whether waiver of appeal is valid and enforceable.

## II. Conclusion

This matter will be remanded to the District Court for proceedings consistent with this opinion.