**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raul VARGAS–SANCEN, Defendant–Appellant.**

**No. 05–50573.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2006.

Filed May 25, 2006.

712

Mary D. Fan, US Attorneys Office, Carol C. Lam, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Benjamin L. Coleman, Esq., San Diego, CA, for Defendant–Appellant.

Before: LAY,* SILVERMAN, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Raul Vargas–Sancen was convicted of illegal reentry after deportation in violation of 8 U.S.C. § 1326. He appeals the district court's denial of his motion to dismiss the § 1326 charge, as well as his sentence. We affirm.

■ 1. The district court properly denied Vargas–Sancen's motion to dismiss the § 1326 charge. Vargas–Sancen contended that the 1997 deportation order underlying the § 1326 charge and conviction improperly characterized his prior conviction for violation of California Health and Safety Code § 11352 as an aggravated felony. Although 8 U.S.C. § 1326(d)(1) prohibits challenges to the validity of a deportation order unless "the alien exhausted any administrative remedies that may have been available to seek relief against the order," Vargas–Sancen's failure to appeal the deportation order does not bar this challenge, as the government failed to meet its heavy burden of proving that his waiver of appeal was considered and intelligent, and thus valid. *See United States v. Pallares–Galan*, 359 F.3d 1088, 1097 (9th Cir.2004). That Vargas–Sancen

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ultimately did not directly appeal the deportation order does not bear on whether his failure to do so was indeed "considered and intelligent." *Id.*

■ 2. Vargas–Sancen's challenge to the deportation order nevertheless fails because he cannot establish the prejudice required to show that entry of the removal order was "fundamentally unfair" under 8 U.S.C. § 1326(d)(3). *See United States v. Ubaldo–Figueroa,* 364 F.3d 1042, 1048 (9th Cir.2004). An immigration judge could not have concluded that Vargas–Sancen's claim for relief would be "plausible," *Pallares–Galan,* 359 F.3d at 1103–04 (internal quotation marks omitted), because at the time, his underlying conviction for violation of § 11352 was considered an aggravated felony under *United States v. Lomas,* 30 F.3d 1191, 1193–95 (9th Cir.1994), which controlled until our 2001 decision in *United States v. Rivera–Sanchez,* 247 F.3d 905, 909 (9th Cir.2001) (en banc). That we *later* determined that a conviction for § 11352 is not an aggravated felony does not render Vargas–Sancen's deportation "fundamentally unfair." *See Alvarenga–Villalobos v. Ashcroft,* 271 F.3d 1169, 1172–73 (9th Cir.2001) (holding that despite change in law, deportation order was lawful because it was lawful at the time of deportation and new rules should not be applied on collateral review (citing *Teague v. Lane,* 489 U.S. 288, 307–08, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989))); *cf. Arreola–Arreola v. Ashcroft,* 383 F.3d 956, 958 (9th Cir.2004) (rejecting petitioner's challenge to reinstatement of deportation because removal order "was lawful under the law at the time he was deported" (internal quotation marks omitted)).

3. *Almendarez–Torres v. United States,* 523 U.S. 224, 239, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), forecloses Vargas–Sancen's challenges to the district court's reliance on prior convictions to enhance his sentence under 8 U.S.C. § 1326(b) on the grounds that they were neither admitted by Vargas–Sancen nor found by a jury. We will continue to follow *Almendarez–Torres* "[u]nless and until [it] is overruled by the Supreme Court," *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2001), and we will not limit *Almendarez–Torres* to its facts, *see id.* at 414–15. Moreover, contrary to Vargas–Sancen's urging, the Rule of Lenity is not applicable here, as the statute is not ambiguous. *See Staples v. United States,* 511 U.S. 600, 619 n. 17, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994).

■ 4. The district court did not err in relying on Vargas–Sancen's 1986 conviction for violation of California Health and Safety Code § 11378.5 as a predicate "drug trafficking offense" under U.S.S.G. § 2L1.2 and accordingly increasing his base offense level from 8 to 24. The "full range of conduct" prohibited by § 11378.5 would constitute a drug trafficking offense under the Guidelines. *Rivera–Sanchez,* 247 F.3d at 908–09; *see* U.S.S.G. § 2L1.2 Application Note 1(B)(iv). California law "does not ... criminalize the mere power to control the narcotic; instead, the offender must knowingly control it with the specific intent to sell it or to have someone else sell it." *United States v. Sandoval–Venegas,* 292 F.3d 1101, 1107 (9th Cir. 2002). Thus § 11378.5 does not criminalize conduct that is not encompassed in the Guidelines definition. Even if § 11378.5 were overly broad, moreover, "documentation or judicially noticeable facts ... clearly establish that [Vargas–Sancen's] conviction is a predicate conviction for enhancement purposes." *Rivera–Sanchez,* 247 F.3d at 908 (internal quotation marks omitted). Vargas–Sancen testified that he possessed phencyclidine for the purpose of selling it. Thus, he was not "convicted of

an offense other than that defined as a qualifying offense." *Id.*

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.