122 F.3d 30
 97 Cal. Daily Op. Serv. 6046, 97 Daily Journal
D.A.R. 9940,
98 Daily Journal D.A.R. 8612
Jose CONTRERAS, Petitioner-Appellant,
v.
Ted SCHILTGEN, District Director; Immigration and
Naturalization Service; United States Department
of Justice, Respondents-Appellees.
 No. 96-15577.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 11, 1996.
Decided July 31, 1997.
 
 Norton Tooby, Oakland, CA, for Petitioner-Appellant.
 Glyndell E. Williams, Special Assistant United States Attorney, Sacramento, CA, for Respondents-Appellees.
 Appeal from the United States District Court for the Eastern District of California; Edward J. Garcia, District Judge, Presiding. D.C. No. CV-94-02047-EJG-GGH.
 Before WOOD, Jr.,* SCHROEDER, and HALL, Circuit Judges.
 SCHROEDER, Circuit Judge.
 
 
 1
 Jose Contreras appeals the district court's dismissal of his habeas corpus petition for lack of jurisdiction. The district court granted a certificate of probable cause, and we have jurisdiction under 28 U.S.C. § 2253. Because Contreras' petition was filed prior to April 24, 1996, this appeal is unaffected by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214. See Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir.1997) (en banc); accord Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). We review the district court's dismissal of the petition de novo, see Nakaranurack v. United States, 68 F.3d 290, 293 (9th Cir.1995), and affirm.
 
 Background
 
 2
 In 1991, Contreras, an alien residing lawfully in the United States, pled no contest to assault with a firearm, in violation of Cal. Pen.Code § 245(a)(2). He was sentenced to three years. While in prison, Contreras was served by the INS with an order to show cause why he should not be deported, alleging that because of his conviction he was subject to deportation under 8 U.S.C. §§ 1251(a)(2)(A)(i)(I) (crimes of moral turpitude) and 1251(a)(2)(C) (firearm offenses). Contreras then retained new counsel and filed a state habeas action alleging that his trial counsel had been ineffective, and that due to counsel's deficient advice Contreras' plea had not been knowing and voluntary. The California state courts rejected Contreras' habeas claim.
 
 
 3
 By the time Contreras had exhausted his state habeas remedies, he had completed his sentence and been released from custody. On December 13, 1994, one month after the California Supreme Court's denial of his petition and eight months after his discharge from sentence, Contreras filed a habeas petition under 28 U.S.C. § 2254, alleging the same claims raised in his state petition. The state responded with a motion to dismiss Contreras' § 2254 petition for lack of jurisdiction, relying on Maleng v. Cook, 490 U.S. 488, 490-92, 109 S.Ct. 1923, 1925-26, 104 L.Ed.2d 540 (1989) (holding that a petitioner whose sentence has expired is not "in custody" for purposes of § 2254).
 
 
 4
 Contreras then amended his petition to name his current custodian, the District Director of the INS. Contreras is at liberty from INS custody on bond, and is therefore still in the INS' constructive custody. The district court construed Contreras' amended petition as a petition for habeas corpus under 28 U.S.C. § 2241.
 
 
 5
 In his amended habeas petition against the District Director, Contreras seeks federal review of the same claims made in his state habeas proceedings. We affirm the district court's holding that Contreras may not collaterally attack his state court conviction in a habeas proceeding against the INS.
 
 Discussion
 
 6
 Contreras argues that because the ineffective assistance of counsel rendered his plea involuntary and his conviction unconstitutional, and because that conviction is the sole reason he is in custody subject to deportation, he is therefore "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).
 
 
 7
 There is nothing unlawful about the INS' holding Contreras in custody, however. Contreras is excludable, and the INS may hold him and seek his deportation, if he "[has been] convicted of a crime involving moral turpitude committed within [ten years of entry]," 8 U.S.C. § 1251(a)(2)(A)(i)(I), or if he "[has been] convicted under any law of ... using ... a firearm ... in violation of any law." 8 U.S.C. § 1251(a)(2)(C). The fact of Contreras' conviction is sufficient basis for the INS to detain him.
 
 
 8
 The statutory language which makes Contreras deportable speaks only of the fact of conviction. Nothing in the statute requires or authorizes the INS to inquire into whether the conviction is valid. Cf. Custis v. United States, 511 U.S. 485, 491-93, 114 S.Ct. 1732, 1736-37, 128 L.Ed.2d 517 (1994) (holding that a court applying sentencing enhancements under Armed Career Criminal Act may not inquire into the validity of predicate prior convictions); United States v. Mendoza-Lopez, 481 U.S. 828, 834-37, 107 S.Ct. 2148, 2153-54, 95 L.Ed.2d 772 (1987) (noting that 8 U.S.C. § 1326(b) (punishing aliens found in the United States after being previously deported) does not provide for collateral review of the validity of the previous deportation order). In Custis and Mendoza-Lopez, the Supreme Court noted that Congress knew how to explicitly authorize collateral challenges to predicate convictions or orders when it wanted to, and that the absence of such explicit authorization indicated congressional intent that collateral challenges not be allowed. See Custis, 511 U.S. at 491-93, 114 S.Ct. at 1736-37; Mendoza-Lopez, 481 U.S. at 835-36, 107 S.Ct. at 2153-54.
 
 
 9
 Moreover, the INS, an administrative agency, is not competent to inquire into the validity of state criminal convictions. See De la Cruz v. INS, 951 F.2d 226, 228 (9th Cir.1991); Ocon-Perez v. INS, 550 F.2d 1153, 1154 (9th Cir.1977). This is the reason behind our well-established rule that criminal convictions may not be collaterally attacked in deportation proceedings themselves. See Urbina-Mauricio v. INS, 989 F.2d 1085, 1089 (9th Cir.1993) (citing Ocon-Perez ).
 
 
 10
 Permitting the INS to detain Contreras without reviewing his claims of ineffective assistance and involuntary plea does not violate due process. In Custis, the petitioner raised the same claims in arguing that his prior conviction could not be used to enhance his sentence under the Armed Career Criminal Act. The Supreme Court rejected Custis' claim that due process required that he be able to collaterally challenge his prior conviction at sentencing. See Custis, 511 U.S. at 493-96, 114 S.Ct. at 1737-38; see also Brice v. Pickett, 515 F.2d 153, 154 (9th Cir.1975) (holding that due process does not require that an alien being deported for a foreign conviction be permitted to challenge the conviction collaterally).
 
 
 11
 A different situation was presented in Mendoza-Lopez, which held that due process requires that a defendant who is criminally charged with being found in the United States after being deported be allowed to collaterally challenge the validity of his previous deportation. See Mendoza-Lopez, 481 U.S. at 837-39, 107 S.Ct. at 2155. In that case, the collateral attack was on an administrative order, not a court judgment. When an administrative order is an element supporting criminal punishment, due process requires giving the defendant an opportunity to challenge the order collaterally if the order would otherwise be effectively insulated from any judicial review. See id. By contrast, Contreras' previous criminal conviction was rendered by a court, and was subject to further judicial review on appeal, which Contreras did not pursue.
 
 
 12
 Contreras argues that the rule barring collateral challenges to criminal convictions in deportation proceedings, see Urbina-Mauricio, 989 F.2d at 1089, does not preclude his claim. He points out that this is not a deportation proceeding, but a habeas corpus action, and contends he is not asking the INS to inquire into the validity of his conviction. Rather, he is asking that the district court, which is competent to adjudicate the validity of criminal convictions in habeas corpus proceedings, declare his conviction invalid. Contreras' current habeas petition, however, is directed only against his current custodian, the INS, and hence addresses only the lawfulness of his INS detention. As we have seen, the INS has a lawful basis for detaining Contreras.
 
 
 13
 The validity of Contreras' California conviction can only be tested in an action against the state, which has the greatest interest in preserving its judgment and the best ability to either correct or defend it. Until Contreras has successfully overturned his conviction in such a proceeding, the INS is entitled to rely on the conviction as a basis for custody and eventual deportation. Cf. Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994) (refusing to allow § 1983 actions seeking damages for allegedly unlawful confinement until the sentence of confinement is overturned on appeal or in collateral action); Custis, 511 U.S. at 497, 114 S.Ct. at 1739 (holding that for purposes of sentencing under federal recidivism statute, prior convictions are conclusive until defendant successfully attacks them in independent collateral proceeding).
 
 
 14
 It is true that Contreras appears foreclosed from his ordinary remedy, a § 2254 action against the state, by the Supreme Court's decision in Maleng, because he is no longer in the custody of the state of California. See Maleng, 490 U.S. at 492, 109 S.Ct. at 1926; Feldman v. Perrill, 902 F.2d 1445, 1448 (9th Cir.1990). Contreras has not pressed his § 2254 petition against California, however, or argued for any exception to the rule of Maleng where a petitioner has diligently pursued his collateral remedies and is out of custody only because his required state exhaustion efforts outlasted the length of his sentence. Compare Carafas v. LaVallee, 391 U.S. 234, 240, 88 S.Ct. 1556, 1560-61, 20 L.Ed.2d 554 (1968) (holding that expiration of the sentence after habeas petition was filed did not make petition moot),[1] with Maleng, 490 U.S. at 492, 109 S.Ct. at 1926 (expressing concern that permitting collateral challenge to 27-year-old conviction, seven years after that sentence expired, would mean that prisoners could challenge expired sentences on habeas "at any time").
 
 
 15
 Contreras cites Garlotte v. Fordice, 515 U.S. 39, 45-47, 115 S.Ct. 1948, 1952, 132 L.Ed.2d 36 (1995) for the proposition that he is still "in custody" for purpose of his present habeas petition against the INS. In Garlotte, the Court held that a prisoner whose state exhaustion efforts outlasted his three-year sentence was still "in custody" under that sentence, where the prisoner was serving consecutive state sentences and his date of release from the second sentence would advance if the first conviction was invalidated. See id. Garlotte, however, was still in the custody of the same sovereign responsible for the original conviction. See id. 515 U.S. at 41-43, 115 S.Ct. at 1950. Contreras is in the custody of the INS, an agency of a different sovereign. Although that custody is sufficient to challenge his INS detention under § 2241(c), see, e.g., Jones v. Cunningham, 371 U.S. 236, 242, 83 S.Ct. 373, 376-77, 9 L.Ed.2d 285 (1963); Hensley v. Municipal Court, 411 U.S. 345, 351, 93 S.Ct. 1571, 1575, 36 L.Ed.2d 294 (1973), the INS detention is lawful. Until Contreras has overturned his conviction in a collateral action against the state, the INS may rely on it as a lawful basis for detention and deportation. The district court's dismissal of Contreras' petition against the INS is AFFIRMED.
 
 
 
 *
 The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 [1]
 In Carafas, the Supreme Court recognized the plight of prisoners who diligently pursued their remedies only to be stymied by procedural delays:
 [Petitioner] has been attempting to litigate his constitutional claim ever since [sentencing]. His path has been long-partly because of the inevitable delays in our court processes and partly because of the requirement that he exhaust state remedies. He should not be thwarted now and required to bear the consequences of [an] assertedly unlawful conviction simply because the path has been so long that he has served his sentence.
 Carafas, 391 U.S. at 239-40, 88 S.Ct. at 1560-61.