Anacleto PACHECO–MEDINA, Petitioner—Appellant,

v.

State of OREGON, Respondent— Appellee.

No. 02–35474.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2003.

Decided April 21, 2003.

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Before: O'SCANNLAIN, FERNANDEZ, and FISHER, Circuit Judges.

MEMORANDUM *

Anacleto Pacheco–Medina filed a petition for a writ of habeas corpus in federal district court, seeking relief from his Oregon state court conviction for delivery of a controlled substance. The district court denied relief because Pacheco–Medina was not in custody at the time he filed his petition, as required by 28 U.S.C. § 2254.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

The facts are known to the parties and will not be repeated herein except as necessary.

I

Pacheco–Medina's suspended sentence completely expired in January 2000, and he filed his habeas petition in federal district court in November 2001. Accordingly, Pacheco–Medina was not in custody under the conviction and sentence he now seeks to attack. *See Maleng v. Cook,* 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (holding that a habeas petitioner must be in custody "under the conviction or sentence under attack at the time his petition is filed."). The fact he is now subject to an INS deportation order, and that action was a direct result of the state court conviction, does not help to satisfy section 2254's custody requirement. INS deportation proceedings are a collateral consequence of state court convictions. *See Fruchtman v. Kenton,* 531 F.2d 946, 949 (9th Cir.1976). Collateral consequences of a conviction are "not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng,* 490 U.S. at 492, 109 S.Ct. 1923.

Pacheco–Medina argues that this court should recognize an exception to the rule of *Maleng* because he cannot be faulted for failing to comply with the custody requirement. He diligently pursued his state law remedies, and the fact he was released prior to completing state court review should not now bar him from challenging his conviction.

In *Garlotte v. Fordice,* 515 U.S. 39, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995), the Supreme Court recognized a narrow exception to the general rule of *Maleng.* The

of this circuit except as provided by Ninth Circuit Rule 36–3.

circumstances which led the Court to recognize a limited exception in that case are wholly absent here, however. In *Garlotte,* the habeas petitioner was in the custody of the same sovereign responsible for the conviction he sought to attack. *Id.* at 42–43, 115 S.Ct. 1948. The Court pointed out the many problems associated with trying to separate out consecutive sentences. The fact that "[the state] itself views consecutive sentences in the aggregate for various penological purposes reveals the difficulties courts and prisoners would face trying to determine when one sentence ends and a consecutive sentence begins." *Id.* at 46 n. 5, 115 S.Ct. 1948. No such problems are present here—"[petitioner] is in the custody of the INS, an agency of a different sovereign." *Contreras v. Schiltgen,* 122 F.3d 30, 33 (9th Cir.1997), *aff'd on add'l grounds,* 151 F.3d 906 (9th Cir.1998). Accordingly, we decline to recognize an exception.[1]

## II

Pacheco–Medina also argues for an exception to *Maleng* because he claims to be in a "Catch–22." He argues that he cannot challenge the validity of his state conviction in a 28 U.S.C. § 2241 proceeding against the INS and that therefore a section 2254 proceeding against the State of Oregon is the only avenue for federal review of his state conviction. Pacheco–Medina claims that a failure to recognize an exception to *Maleng* will effectively result in a suspension of the writ of habeas corpus in violation of Article I, Section 9, Clause 2 of the Constitution.

In *Daniels v. United States,* 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) the Supreme Court made it clear that sec-

tion 2254 as a "vehicle[ ] for review [is] not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion remedies, operate to limit access to review on the merits of a constitutional claim." *Id.* at 381, 121 S.Ct. 1578.

Pacheco–Medina had the opportunity to seek direct review of his state court conviction in the United States Supreme Court by petitioning for a writ of certiorari. He failed to do so. In addition, Pacheco–Medina is not in the custody of the state of Oregon, so there is no Oregon state official against whom the writ could issue. Furthermore, it is not clear that a section 2241 petition against the INS would be unavailing. While it may be true that "the INS is entitled to rely on [Pacheco–Medina's state court] conviction as a basis for custody and eventual deportation," *Contreras,* 122 F.3d at 33, the INS may have discretion to disregard the state court conviction. Under these circumstances, we conclude that failing to recognize an exception to the in custody requirement in Pacheco–Medina's case does not raise the specter of a suspension of the writ of habeas corpus, although this should not be read as suggesting that a lack of § 2241 availability would necessarily raise that specter.

**AFFIRMED.**

---

1. Nor can this court treat a section 2254 petition as a petition for a writ of coram nobis, since a petition for a writ of coram nobis "lies only to challenge errors occurring in the same court." *Hensley v. Mun. Ct.,* 453 F.2d 1252, 1252 n. 2 (9th Cir.1972), *rev'd on other grounds,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973).