Emmanuel Senyo AGYEMAN, Petitioner—Appellant,

v.

INS ASSISTANT DISTRICT DI-RECTOR COACHMAN; INS District Director Roseanne Sonchik Respondents—Appellees.

No. 01–16910.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 20, 2002.

Decided June 23, 2003.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM *

Emmanuel Senyo Agyeman, a native and citizen of Ghana, appeals pro se the district court's order denying his 28 U.S.C. § 2241 habeas corpus petition challenging his detention by the Immigration and Naturalization Service (INS). The government contends the Attorney General is authorized to continue Agyeman's detention during the pendancy of his removal proceedings pursuant to INA § 236(a). We have jurisdiction over this timely appeal under 28 U.S.C. § 2253 and, after de novo review, we affirm. Even though Agyeman has been detained by the INS for over six years, his detention is constitutionally valid.

## ANALYSIS

### A. *Mootness*

■ As a preliminary matter, the government argues that Agyeman's petition should be dismissed as moot. It asserts that Agyeman's habeas petition challenged only his detention under the post-removal order detention provisions of INA § 241, 8 U.S.C. § 1231, which no longer govern his detention since this court vacated and remanded the board's decision on September 17, 2002, in *Agyeman v. INS*, 296 F.3d 871 (9th Cir.2002). This argument is meritless; § 241 never governed Agyeman's detention.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) provides:

**Detention**

During the *removal period,* the Attorney General shall detain the alien.

8 U.S.C. § 1231(a)(2) (emphasis added).

8 U.S.C. § 1231(a)(1)(B) provides:

**Beginning of period**

The *removal period* begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order....

8 U.S.C. § 1231(a)(1)(B) (emphasis added).

Agyeman has been detained by the INS since early 1997, during the pendency of his deportation proceedings. On March 16, 1999, he was subject to a final administrative order of removal. However, we stayed his deportation pending review of the BIA's decision on June 18, 1999, and then vacated the BIA's order on September 17, 2002. *Agyeman,* 296 F.3d at 887. Thus, 8 U.S.C. § 1231 never applied to Agyemen's detention. His detention has always been pursuant to INA § 236(a), 8 U.S.C. § 1226(a), discussed below.[1]

B. *Legality of Detention*

■ At present, the IJ has ordered that Agyeman be released from custody upon posting of a $5,000 bond. The government asserts that his detention is valid under INS § 236(a), 8 U.S.C. § 1226(a), which provides:

**Arrest, detention, and release**

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.... [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole ...

8 U.S.C. § 1226(a).

Thus, in the case of non-criminal aliens subject to removal proceedings, the Attorney General retains discretion to decide whether they should be detained, released on bond, or released on conditional parole. 8 U.S.C. § 1226(a). The issue raised by Agyeman's petition is whether his continued detention under INA § 236(a) is constitutionally permissable.

The Due Process Clause applies to all "persons" within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent. *Zadvydas v. Davis,* 533 U.S. 678, 699, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) (authorizing potentially permanent or indefinite detention of aliens subject to a final removal order beyond 90 days only as long as is reasonably necessary to secure removal). The Due Process Clause contains both a substantive and procedural component. *United States v. Salerno,* 481 U.S. 739, 746, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).

Recently, the Supreme Court reaffirmed that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim,* —— U.S.

---

1. Even if Agyeman posted bond and were released, he would still be in the constructive custody of the INS. *Contreras v. Schiltgen,* 122 F.3d 30, 31 (9th Cir.1997), *aff'd on add'l grounds,* 151 F.3d 906 (9th Cir.1998).

——, 123 S.Ct. 1708, 1721–22, 155 L.Ed.2d 724 (2003) (mandatory detention of criminal aliens during removal proceedings under 8 U.S.C. § 1226(c) is constitutionally valid even where there has been no individualized finding that the alien is unlikely to appear for his deportation hearing). The Court in *Kim* distinguished between the valid detention there, and that at issue in *Zadvydas,* noting that in *Zadvydas* "removal was no longer practically attainable" and that "the period of detention at issue in *Zadvydas* was indefinite and potentially permanent." *Id.* at 1719–20 (internal quotations omitted). Agyeman has made no showing that his removal is not practically attainable. While Agyeman's detention has been lengthy, its length is attributable to several factors, including: 1) the IJ's grant of continuances so that Agyeman could hire a lawyer; 2) the IJ's grant of continuances so that Agyeman might possibly present the evidence necessary to his adjustment of status; 3) Agyeman's appeal of the IJ's decision to the BIA; and 4) Agyeman's appeal of the BIA's final removal order and this court's reversal and remand to the BIA. Moreover, his detention has a definite termination point. Thus, his detention meets substantive due process requirements. *See Ma v. Ashcroft,* 257 F.3d 1095, 1099 (9th Cir.2001).

Moreover, Agyeman's detention has been implemented in a fair manner. Following his arrest, Agyeman had an individualized bond determination. His custody status has been reviewed at least eight times, five of which were at his request. Thus, his detention does not violate procedural due process requirements. *See Kim,* 123 S.Ct. at 1720.

AFFIRMED.