**Samwel Okoth OSEWE, Petitioner— Appellant,**

v.

**Adele FASANO; et al., Respondents— Appellees.**

No. 03–56051.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2004.*

Decided April 26, 2004.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**492**

Samwel Okoth Osewe, Santa Fe Springs, CA, pro se.

Sharla Cerra, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Respondents–Appellees.

Before: O'SCANNLAIN, RYMER and BEA, Circuit Judges.

MEMORANDUM **

Samwel Okoth Osewe, a native and citizen of Kenya, appeals pro se the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253, we review de novo, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999) and we affirm.

Osewe contends that he is eligible for a waiver of removal under the former Immigration and Naturalization Act § 212(c). However, because the AEDPA abolished the INA § 212(c) waiver before removal proceedings were initiated against Osewe, he is not eligible for relief under that section. *See INS v. St. Cyr,* 533 U.S. 289, 296–97, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

Osewe argues that the decision to exercise his right to a jury trial classifies him as an alien who remains eligible for § 212(c) relief despite the AEDPA. We are unpersuaded. *See id.* at 321–326 (holding that aliens who entered plea bargains in reliance on the availability of § 212(c) relief from removal remain eligible for that relief although § 212 had been abolished).

Finally, the district court did not err in dismissing Osewe's attacks on his state court conviction. *See Contreras v. Schiltgen,* 122 F.3d 30, 31–32 (9th Cir.1997) (stating that a petitioner may not collaterally attack his state court conviction in a habeas proceeding against the INS).

Osewe's motion to supplement exhibits on motion for reconsideration is denied as unnecessary.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

