**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ramon BUCIO–CARILLO,
Defendant—Appellant.**

No. 03–50352.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.*

Decided July 20, 2004.

Ronald L. Cheng, Esq., Erik M. Silber, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Roger S. Hanson, Esq., Santa Ana, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, THOMAS and BYBEE, Circuit Judges.

MEMORANDUM **

Ramon Bucio–Carillo appeals his conviction for illegally reentering the United States following deportation in violation of 8 U.S.C. § 1326(a)—(b). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *see United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004), and we affirm.

Bucio–Carillo contends that the district court erred by denying his motion to dismiss the indictment because he was denied judicial review of the state conviction that served as the basis for his deportation and therefore the underlying deportation order violated his due process rights. We disagree. The record shows Bucio–Carillo's state conviction was affirmed on direct appeal. Moreover, an Immigration Judge may not examine the validity of a state conviction, *see Avila–Murrieta v. INS*, 762 F.2d 733, 736–37 (9th Cir.1985), and Bucio–Carillo may not attack the validity of his prior conviction in the instant case, *see* 8 U.S.C. § 1326(d); *United States v. Gutierrez–Cervantez*, 132 F.3d 460, 462 (9th Cir.1997); *Contreras v. Schiltgen*, 122 F.3d 30, 33 (9th Cir.1997).

Bucio–Carillo's contentions regarding the outcomes of his federal habeas petitions challenging his state conviction are not relevant to this case. *See Morales–Alvarado v. INS*, 655 F.2d 172, 175 (9th

Cir.1981) (holding state conviction is final for purposes of deportation hearing after alien has exhausted the direct appeals to which he is entitled).

All pending motions are denied.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

