**Ramon BUCIO, Petitioner—Appellant,**

v.

**DEPARTMENT OF HOMELAND SECURITY; United States of America, Respondents—Appellees.**

No. 03–57097.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2005.*

Decided March 10, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument.

Roger S. Hanson, Esq., Santa Ana, CA, for Petitioner–Appellant.

Alarice M. Medrano, Esq., Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Respondents–Appellees.

Fed. R.App. P. 34(a)(2).

** The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

Before: GRABER and CALLAHAN, Circuit Judges, and BREYER,** District Judge.

### MEMORANDUM ***

Petitioner Ramon Bucio brought this habeas corpus petition, under 28 U.S.C. § 2241, against the federal government in 2002. He appeals the district court's dismissal of the petition.

Petitioner is a citizen of Mexico. In 1991 he was convicted in California state court of possessing narcotics for sale. He received a nine-year sentence.

On the basis of his narcotics conviction the federal government ordered Petitioner to be deported. After his release from state prison, at a hearing before an immigration judge (IJ), Petitioner admitted that he was deportable because he had committed a crime involving a controlled substance, which also was an aggravated felony. The IJ denied relief under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c), as amended by Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996). On appeal, the Board of Immigration Appeals affirmed. No further appeal was taken, and Petitioner was deported to Mexico in 1998.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

In late 2000, Petitioner returned to the United States without inspection. He was convicted of illegal reentry under 8 U.S.C. § 1326. That conviction has been affirmed. *United States v. Bucio–Carillo,* 103 Fed. Appx. 312, at *1 (9th Cir.2004) (unpublished decision).

 In this appeal, Petitioner challenges the validity of the 1991 narcotics conviction and challenges various procedural rulings of the district court. The 1991 state conviction is not subject to collateral attack in this proceeding. *See Contreras v. Schiltgen,* 122 F.3d 30 (9th Cir.1997), *aff'd on add'l grounds,* 151 F.3d 906 (9th Cir.1998) (holding that in habeas proceedings against the federal government in an immigration context, the petitioner cannot challenge the validity of the underlying state conviction that formed the basis for deportation). Any errors of the district court in the proceedings against California defendants had to be addressed in Petitioner's appeal from those proceedings. *See Bucio v. Mashel,* 205 F.3d 1350 (9th Cir.1999) (unpublished decision) (affirming the district court's disposition of Petitioner's habeas petition against the California defendants under 28 U.S.C. § 2254). Therefore, the district court properly dismissed the petition insofar as it sought to challenge the 1991 conviction.

 Petitioner fares no better insofar as the petition sought to challenge the reinstated order of removal, including the denial in 1997 of section 212(c) relief. Assuming, without deciding, that the district court made procedural or analytical errors in processing the present habeas petition, any such errors do not help Petitioner. He is subject to removal under 8 U.S.C.

§ 1231(a)(5), which governs reinstated orders of removal. The original removal order was executed, after Petitioner had an opportunity to contest it, and cannot be the subject of this proceeding. 28 U.S.C. § 2241(c). And, under 8 U.S.C. § 1231(a)(5), the reinstated removal order is not subject to further review in this circumstance. In other words, the district court was without authority to alter the reinstated removal order and, insofar as the petition challenged it, the petition had to be dismissed.

AFFIRMED.