Alejandro **MIRANDA–GAYTAN,**
Petitioner,

v.

Alberto R. **GONZALES, Attorney General,** Respondent.

No. 05–73640.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 21, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elsa I. Martinez, Esq., Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Nancy E. Friedman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

Alejandro Miranda–Gaytan, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of law, *Singh v. Gonzales,* 416 F.3d 1006, 1009 (9th Cir.2005), and for abuse of discretion the denial of a motion to continue, *Nakamoto v. Ashcroft,* 363 F.3d 874, 883 n. 6 (9th Cir.2004). We deny the petition for review.

The BIA and the IJ correctly found that Miranda–Gaytan was ineligible for a waiver of inadmissibility under section 212(h) of the Immigration and Nationality Act because his prior conviction did not involve "a single offense of simple possession of 30 grams or less of marijuana" for which a waiver could be granted. *See* 8 U.S.C. § 1182(h). Miranda–Gaytan was convicted under California Health & Safety Code § 11359, for possessing marijuana for sale. Therefore, his application for adjustment of status was properly pretermitted.

Moreover, the IJ did not abuse her discretion in denying Miranda–Gaytan's request for a continuance in order to collaterally attack his criminal conviction in state court. *Cf. Contreras v. Schiltgen,* 122 F.3d 30, 33 (9th Cir.1997), *aff'd on add'l grounds in Contreras v. Schiltgen,* 151 F.3d 906, 908 (9th Cir.1998) (holding that the government may rely on the validity of a state court conviction for custody and deportation purposes until it is overturned in collateral state proceedings).

We lack jurisdiction to review Miranda–Gaytan's argument that the statute of conviction was divisible because he failed to exhaust this issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.