**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Pedro GUTIERREZ–CERVANTEZ,**
**Defendant–Appellant.**

No. 96–10318.

United States Court of Appeals,
Ninth Circuit.

Argued and Submission Deferred
May 9, 1997.

Resubmitted Sept. 10, 1997.

Memorandum Sept. 15, 1997.

Order and Opinion Dec. 18, 1997.

Certiorari Denied Jan. 20, 1998.
See 118 S.Ct. 869.

---

Robert J. McWhirter, Assistant Federal Public Defender, Phoenix, Arizona, for defendant-appellant.

Timothy C. Holtzen, Assistant United States Attorney, Phoenix, Arizona, for plaintiff-appellee.

Before: HUG, Chief Judge, and GOODWIN, HAWKINS, Circuit Judges.

## ORDER

The governments's request for publication is GRANTED. The memorandum disposition filed September 15, 1997, is redesignated as an authored opinion by Judge Goodwin.

## OPINION

GOODWIN, Circuit Judge:

Pedro Gutierrez–Cervantez appeals his conviction for violation of 8 U.S.C. § 1326(b)(2), illegal reentry after deportation following an aggravated felony conviction. He contends that the district court erred in not suppressing statements he made in previous deportation proceedings. He argues that the district court erred in not allowing him to collaterally attack his three prior state court convictions. He also argues that the district court erred in not departing downward at sentencing. We affirm.

### Facts and Procedural Background

In late 1995, Border Patrol Agent Mark Herring arrested Gutierrez–Cervantez and brought him to the Yuma Border Patrol station. Upon questioning, Gutierrez–Cervantez could not remember the name he initially

used when arrested by Herring. After faxing his fingerprints to the FBI, Border Patrol agents learned that Gutierrez–Cervantez had three prior aggravated felony convictions based upon guilty pleas in California state courts. The record also revealed that Gutierrez–Cervantez had been deported for these crimes in 1994, and that he did not have the consent of the Attorney General of the United States to re-enter the United States in 1995.

Gutierrez–Cervantez was charged with one count of illegal reentry after deportation following an aggravated felony conviction in violation of 8 U.S.C. § 1326(b). He filed a motion to suppress statements made in previous immigration proceedings and a motion to dismiss the indictment based on a collateral attack against the guilty pleas from his previous convictions. The district court denied both motions.

Gutierrez–Cervantez then pled guilty to the indictment. He objected, however, to two omissions from the presentence report. He claimed that the report should have recognized as bases for a downward departure from the Sentencing Guidelines: 1) his agreement to an expedited deportation and 2) the allegation that, as an alien, he will suffer greater punishment than a citizen would suffer in prison. The district court rejected these arguments for a downward departure in Gutierrez–Cervantez's sentence, sentencing him to 70 months. Gutierrez–Cervantez appealed.

### I. Suppression of Statements

■ Gutierrez–Cervantez argues that the district court erred in denying his motion to suppress the statements that he made at his deportation hearing sixteen months before the current charge because the statements resulted from custodial interrogation without *Miranda* warnings. We have recently considered this issue and have held that such evidence is admissible. *United States v. Solano–Godines*, 120 F.3d 957, 960 (9th Cir. 1997). The district court's refusal to suppress these statements was free from error.

## II. Collateral Attack

Gutierrez–Cervantez argues that the district court should have dismissed his indictment because his prior felony convictions were constitutionally defective and therefore cannot form an element of the crime of illegal reentry after deportation following an aggravated felony conviction. The Supreme Court has held that the Constitution requires only that collateral attacks be allowed against predicate convictions obtained in violation of the right to appointed counsel. *Custis v. United States*, 511 U.S. 485, 493–97, 114 S.Ct. 1732, 1737–39, 128 L.Ed.2d 517 (1994). Gutierrez–Cervantez attempts to distinguish *Custis* as limited to prior convictions used only to enhance a sentence. He argues that when prior convictions form an element of the crime charged, a court can review the constitutionality of the prior convictions. His prior convictions form an element of § 1326(b)(2), *see United States v. Gonzalez–Medina*, 976 F.2d 570, 572 (9th Cir.1992).

Discussing § 1326(b)(2), we have already held that the distinction between sentencing enhancements and elements of the crime is irrelevant for purposes of determining whether the predicate crime qualifies as an aggravated felony. *United States v. Lomas*, 30 F.3d 1191, 1193 (9th Cir.1994). *Lomas* notes that the question whether the predicate crime qualifies as an aggravated felony is a question of law and that a contrary rule would cause "enormous problems of re-litigating past convictions." *Id.*

Just as in *Lomas*, the distinction between sentencing enhancements and elements of the crime is irrelevant for purposes of determining when the Constitution allows collateral attack on prior convictions. The constitutionality of a prior conviction is a question of law, and allowing collateral attacks in § 1326(b) proceedings "would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state court transcripts or records that may date from another era, and may come from any one of the 50 states." *Custis*, 511 U.S. at 496, 114 S.Ct. at 1738. Further, the interest in promoting the finality of judgments that underlies the judiciary's reluctance to disturb prior final judgments has special force when a guilty plea is at issue. *Id.* at 497, 114 S.Ct. at 1739.

Thus, following *Custis* and *Lomas*, the Constitution requires only that collateral attacks in illegal re-entry after deportation proceedings be allowed on convictions obtained in violation of the right to counsel. As Gutierrez–Cervantez had counsel during his state court criminal proceedings, he cannot now challenge those convictions.

## III. Sentencing Departures

Gutierrez–Cervantez argues that the district court erred in denying him a sentencing departure because, as an alien, he will suffer greater punishment in the Bureau of Prisons and because he agreed to an expedited deportation. A district court's discretionary refusal to depart downward is unreviewable on appeal. *United States v. Estrada–Plata*, 57 F.3d 757, 761 (9th Cir. 1995). We review a decision not to depart only where it is based on a mistaken belief that the court had no authority to depart. *Id.* at 761–62. When the authority of the district court to depart is not in dispute, we do not presume that the district court believed it lacked authority to do so. *United States v. Jackson*, 986 F.2d 312, 314 (9th Cir.1993).

Gutierrez–Cervantez relies on language in the district court's ruling that it rejected Gutierrez–Cervantez's argument for a downward departure "in its entirety" as proof of the court's belief that it had no authority to depart.

This language demonstrates nothing of the kind. At sentencing, neither party argued that the district court was without authority to depart. The parties just took contrary positions on whether the district court should depart in this particular case. The district court's statements that it rejects both of Gutierrez–Cervantez's bases for departure "in [their] entirety" does not reflect a mistaken belief that it lacked authority to depart. Rather, the district court expressed its refusal to depart downward in forceful terms, and

we cannot review this exercise of discretion. *Estrada–Plata*, 57 F.3d at 761–62.

AFFIRMED.