**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Vinod THADHANI, a.k.a Seal**
**D, Defendant–Appellant.**

**No. 00–50316.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 25, 2001.

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

844

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

## MEMORANDUM[2]

Vinod Thadhani appeals the 12–month sentence imposed following his guilty plea to conspiracy to commit access device fraud and to possess stolen mail, in violation 18 U.S.C. § 371. We dismiss for lack of jurisdiction.

Thadhani challenges that the district court's denial of his request for a downward departure on the basis of aberrant behavior pursuant to U.S.S.G. § 5K2.20. He contends that the "court wrongly believed that [a departure based on] aberrant behavior [is] limited to a single act or occurrence."

The record before us does not contain any indication that the district court felt it could not depart as a matter of law, and at sentencing neither party argued that the district court lacked authority to depart. The parties merely took contrary positions on whether the district court should depart in this particular case. *See United States v. Berger,* 103 F.3d 67, 70 (9th Cir.1996) (stating that a decision to deny downward departure will be considered discretionary unless the district court indicates that its refusal to depart rests on its belief that it could not do so as a matter of law); *United States v. Jackson,* 986 F.2d 312, 314 (9th Cir.1993) (stating that when the authority of the court to depart is not in dispute, the appellate court presumes the district court was aware of its discretion to take such action). Although the court did not explicitly acknowledge its ability to depart, its silence on the issue is not sufficient to "convert a discretionary departure into a sentence imposed in violation of the law." *United States v. Garcia–Garcia,* 927 F.2d 489, 491 (9th Cir.1991) (per curiam). We, therefore, lack jurisdiction to review the district court's decision. *See United States v. Gutierrez–Cervantez,* 132 F.3d 460, 462 (9th Cir.) (stating that a district court's discretionary refusal to depart downward is unreviewable on appeal).

DISMISSED.

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.