**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose SEVILLA–MANCILLA, Defendant—Appellant.**

No. 03–50281.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 12, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Orlando Gutierrez, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jeanne G. Knight, San Diego, CA, for Defendant–Appellant.

Before GOODWIN, WALLACE, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Jose Sevilla–Mancilla appeals the 33–month sentence imposed following his guilty plea to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. Sevilla–Mancilla contends that the district court improperly applied a sixteen-level upward adjustment under U.S.S.G. § 2L1.2(b)(1)(A) based on prior convictions that were obtained in violation of his Sixth Amendment right to effective assistance of counsel and while he was incompetent.

We affirm because Sevilla–Mancilla is not entitled to collaterally attack his prior convictions on these grounds. *Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (holding that the Constitution requires only that collateral attacks be allowed against predicate convictions obtained in violation of the right to appointed counsel, and that ineffective assistance of counsel does not rise to the level of the jurisdictional defect resulting from the failure to appoint counsel); *United States v. Martinez–Martinez,* 295 F.3d 1041, 1043–45 (9th Cir.2002) (holding in a § 1326 case that collateral attacks on prior state convictions at sen-

---

tencing are prohibited); *United States v. Gutierrez–Cervantez,* 132 F.3d 460, 462 (9th Cir.1997) (applying *Custis* to preclude collateral attacks on prior state convictions in § 1326 proceedings).

AFFIRMED.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.