**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Roberto Rios VIZCARRA, Defendant—**
**Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Jaime Rios VIZCARRA, Defendant—**
**Appellant.**

Nos. 04–10116, 04–10132.
D.C. Nos. CR–02–00048–2–MCE,
CR–02–00048–1–MCE.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2005.

Submission withdrawn May 13, 2005.

Resubmitted June 3, 2005.

Decided June 10, 2005.

Mary L. Grad, AUSA, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff-Appellee.

Victor S. Haltom, Sacramento, CA, for Defendant-Appellant.

Before KLEINFELD, HAWKINS, and GRABER, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

### MEMORANDUM*

We affirm the district court's denial of defendants' separate requests for continuances, the striking of Jack Perkett's testimony, and the increase in Roberto Vizcarra's sentence under 21 U.S.C. § 851. We remand so that the district court may determine whether to resentence the defendants under this court's en banc decision in *United States v. Ameline.*[1]

### I. Defendants' Requests for Continuances

■ The district court did not abuse its discretion by denying defendants' eve-of-trial requests for continuances. Although the court did not make a detailed summary of reasons for its denial, the record reflects that over the life of the case the district court exercised care and patience with respect to the defendants' rights.[2] The record shows that over a year before trial, the district court provided both defendants with new counsel upon their request, that the trial date had been set for some time without any objection that counsel needed time to prepare, and that defendants had indicated satisfaction with their attorneys at the pretrial conference six weeks before trial. The district court did not err by finding that defendants were attempting to manipulate the court's trial schedule and how the trial would proceed.

The government's *Jencks* Act material that Roberto Vizcarra wanted to investigate was tangential to the question of his guilt.[3] Roberto has not shown that the denial of a continuance to investigate the

2. *See United States v. Garrett,* 179 F.3d 1143, 1147 (9th Cir.1999) (en banc).

3. *See United States v. Fowlie,* 24 F.3d 1059, 1070 (9th Cir.1994).

government's discovery material prejudiced his defense.[4]

Jaime Vizcarra has not shown that he was entitled to a continuance in order to obtain new counsel. Jaime's request, made on the eve of trial, was not timely, the court's inquiry into Jaime's request was adequate, and Jaime's counsel attested that there was no conflict with his client and that he was ready for trial.[5] A criminal defendant is not entitled to an attorney who likes and feels comfortable with him.[6] The misleading claim of a language problem, when counsel was fluent in Spanish, was among the good reasons why the district judge concluded that Jaime was attempting to improperly manipulate the court.

## II. Striking of Jack Perkett's Testimony

■ Neither defendant objected to the district court's striking of Jack Perkett's testimony. There was no plain error in striking Perkett's testimony, particularly in light of the defense motion for mistrial on the ground that Perkett's testimony was prejudicial. Perkett did not assert his privilege against self-incrimination or any other privilege in refusing to answer questions, and his testimony was not on a collateral matter.[7] Perkett's refusal to answer questions on direct as a hostile witness was analogous to a witness who refuses to answer questions on cross-examination, a circumstance where striking the testimony may be an appropriate exercise of discretion.[8]

## III. Roberto's Increased Sentence Under 21 U.S.C. § 851.

■ The district court did not commit plain error by not arraigning Roberto on the information charging the prior conviction for a drug offense under 21 U.S.C. § 851. Roberto had fair notice from the information and the presentence reports, and an opportunity to object and be heard, so there could be no prejudice from the absence of an arraignment. Because the information was filed more than five years after Roberto's 1992 state conviction became final, there could be no plain error in treating Roberto as barred from challenging the validity of the prior conviction.[9]

The district court also did not plainly err by sentencing Roberto under § 851 without a finding by the jury that he had a prior drug-related conviction. *Almendarez–Torres v. United States* establishes that no such finding is needed.[10]

## IV. Sentencing

We remand the sentences imposed in these cases to the district court, without vacating the sentences, to follow the procedure established in the en banc decision of

---

**4.** *See Garrett*, 179 F.3d at 1144–45.

**5.** *See United States v. McKenna*, 327 F.3d 830, 843 (9th Cir.), *cert. denied*, 540 U.S. 941, 124 S.Ct. 359, 157 L.Ed.2d 254 (2003).

**6.** *See Morris v. Slappy*, 461 U.S. 1, 12–14, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983); *United States v. Schaff*, 948 F.2d 501, 505 (9th Cir. 1991).

**7.** *See United States v. Montgomery*, 998 F.2d 1468, 1478–79 (9th Cir.1993); *United States v. Lord*, 711 F.2d 887, 892 (9th Cir.1983).

**8.** *See United States v. Negrete–Gonzales*, 966 F.2d 1277, 1280–81 (9th Cir.1992).

**9.** *See* 21 U.S.C. § 851(e).

**10.** *See Almendarez–Torres v. United States*, 523 U.S. 224, 244, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *see also United States v. Gutierrez–Cervantez*, 132 F.3d 460, 462 (9th Cir. 1997).

*United States v. Ameline,*[11] and to consider whether the sentences would have been materially different in light of *United States v. Booker.*[12]

**AFFIRMED IN PART, and RE-MANDED.**

**11.** *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

**12.** *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

