**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Carlos TREJO–RAMIREZ,**
**Defendant–Appellant.**

No. 04–10135.

D.C. No. CR–03–20090–RMW/RS.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 10, 2005.

Decided Aug. 29, 2005.

Shawna Yen, Office of the U.S. Attorney, San Jose, CA, for Plaintiff-Appellee.

Juan Carlos Trejo-Ramirez, California City Correctional Center, California City, CA, for Defendant-Appellant.

608

Before PREGERSON, KLEINFELD, and HAWKINS, Circuit Judges.

MEMORANDUM [*]

Juan Carlos Trejo–Ramirez ("Trejo–Ramirez") appeals his conviction and sentence for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a).

I.

■ Trejo–Ramirez argues for the first time on appeal that the district court should have dismissed his indictment because his underlying deportation order was invalid. He contends the immigration judge ("IJ") improperly characterized his petty theft offense as an aggravated felony and, consequently, erroneously advised him that he was ineligible to seek relief from removal. *See United States v. Pallares–Galan*, 359 F.3d 1088, 1096, 1103–04 (9th Cir.2004). Because this claim was never made to the district court, we review for plain error.[1] *United States v. Olano*, 507 U.S. 725, 732–36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

Trejo–Ramirez cannot establish plain error. The IJ's decision was correct under the law *at the time of Trejo–Ramirez's deportation hearing, see United States v. Corona–Sanchez*, 234 F.3d 449, 455 (9th Cir.2000), and the deportation order was therefore lawful when entered. Moreover,

it is not clear that Trejo–Ramirez could establish he suffered prejudice. Trejo–Ramirez also had a conviction for transportation of methamphetamine, which possibly qualified as an aggravated felony, if the government could have produced judicially noticeable documents regarding the specifics of the conviction. *See United States v. Navidad–Marcos*, 367 F.3d 903 (9th Cir.2004) (conviction under California H & S Code § 11379(a) does not facially qualify as a "drug trafficking offense," but could possibly qualify under the modified categorical approach).

■ Finally, even if Trejo–Ramirez could establish error, it is far from "plain" or "obvious." Plain error "is so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection." *United States v. Turman*, 122 F.3d 1167, 1170 (9th Cir.1997) (citing *United States v. Frady*, 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). It is hard to imagine that a judge would have recognized this possible basis for a collateral attack without objection. For all of the foregoing reasons, the district court did not plainly err by failing to dismiss Trejo–Ramirez's indictment.

Trejo–Ramirez also asserts that he was deprived of the opportunity to review the tape recording of his deportation hearing before it was played to the jury, but the record reflects that the government played its redacted version of the tape to Trejo-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Trejo–Ramirez did not attempt to challenge the validity of the *deportation* proceeding in the district court; instead, he continually sought to impermissibly revisit the propriety of his underlying state court convictions. *See United States v. Gutierrez–Cervantes*, 132 F.3d 460, 462 (9th Cir.1997). Contrary to Trejo-

Ramirez's argument, in *Pallares–Galan*, the defendant *had* argued in district court that the underlying conviction was not an aggravated felony, albeit on a different basis than that urged on appeal. 359 F.3d at 1094–95. Thus, *Pallares–Galan* does not support Trejo–Ramirez's argument that plain error review should not apply in this case, where Trejo–Ramirez never questioned the IJ's aggravated felony determination.

Ramirez (outside the presence of the jury), so that he could confirm there was no discussion of his criminal record. Furthermore, Trejo–Ramirez does not assert how the failure to hear the tape prejudiced his defense.

Pursuant to Fed. R.App. P. 10(e)(2), we supplement the record with the corrected transcript of the jury poll. As Trejo–Ramirez conceded at oral argument, the record, as so amended, does not support his claim that he was denied the right to a unanimous verdict.

 We decline to address Trejo–Ramirez's argument that his defense attorneys were ineffective because they failed to move to dismiss the indictment based on the allegedly defective deportation order, as this claim is not appropriate for direct review. *See United States v. Rewald,* 889 F.2d 836, 859 (9th Cir.1989). Likewise, the record is not sufficiently developed for this court to review Trejo–Ramirez's claim that he was denied access to a law library, and the issue is better presented in a habeas petition.

## II.

Trejo–Ramirez also challenges the district court's enhancement of his sentence under the Sentencing Guidelines. "Even though the Guidelines are no longer mandatory after the Supreme Court's decision earlier this year in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court should still consult them for advice as to the appropriate sentence," *United States v. Kimbrew,* 406 F.3d 1149, 1152 (9th Cir. 2005), and we therefore address the merits of Trejo–Ramirez's sentencing arguments.

 The district court believed Trejo–Ramirez was subject to a sixteen-level enhancement for a "crime of violence" based his 1989 California state court conviction for attempted first degree burglary. Concluding that the resulting sentence would be too harsh, the district court instead applied a twelve-level enhancement for a drug trafficking crime, based on Trejo–Ramirez's 1996 conviction for "transportation, etc., of a controlled substance" pursuant to California Health & Safety Code § 11379(a). However, a subsequent decision of this court has clarified that Trejo–Ramirez's conviction could not support the enhanced sentence.

 In *Navidad–Marcos,* we held that § 13379(a) does not facially qualify as a drug trafficking offense under U.S.S.G. § 2L1.2, because it criminalizes a variety of conduct beyond the federal definition of drug trafficking. 367 F.3d at 907–08. Moving to the "modified categorical approach," we concluded that reliance on an abstract of judgment was not sufficient to indicate that the defendant's crime actually fell within the federal guideline. *Id.* at 908–09. Similarly, in Trejo–Ramirez's case, the only document supporting the conviction was a state court abstract of judgment that did not provide conclusive details about the particular crime Trejo–Ramirez committed. *See id.*

 Because Trejo–Ramirez did not object below, his claim is reviewed for plain error. An error is plain if it is contrary to the law at the time of appeal. *United States v. Ameline,* 409 F.3d 1073, 1078 (9th Cir.2005) (en banc) (quoting *Johnson v. United States,* 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). Moreover, the error in this case affected Trejo–Ramirez's substantial rights.[2] The district

---

**2.** The government argues that the district court's error with respect to the twelve-level enhancement did not prejudice Trejo–Ra-

mirez, because he was subject to an even higher, sixteen-level enhancement for a "crime of violence." However, the sixteen-

court relied exclusively on this erroneous twelve-level enhancement in deciding Trejo–Ramirez's offense level, and then sentenced him to the low end of that resulting guideline range. Trejo–Ramirez has sufficiently demonstrated the likelihood of a lower sentence if the district court had not erred in considering the twelve-level enhancement.

■ We also conclude that this error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson,* 520 U.S. at 467, 117 S.Ct. 1544 (internal quotation marks and citation omitted). Without the erroneous enhancement, Trejo–Ramirez would have been subject to a dramatically lower sentence. We therefore reverse Trejo–Ramirez's sentence and remand for resentencing.

Because of our decision, we do not reach Trejo–Ramirez's remaining sentencing arguments. He is, of course, free to renew these objections before the district court, which will resentence Trejo–Ramirez in accordance with the now advisory Sentencing Guidelines. *See Kimbrew,* 406 F.3d at 1154.

CONVICTION AFFIRMED; SENTENCE REVERSED AND REMANDED FOR RESENTENCING.

level sentencing enhancement for attempted burglary suffers from similar defects. As we explained in *United States v. Rodriguez–Rodriguez,* 393 F.3d 849 (9th Cir.), *cert. denied,* —— U.S. ——, 125 S.Ct. 2280, 161 L.Ed.2d 1074 (2005), a conviction for first degree burglary in California does not satisfy the *Taylor* categorical approach, because "California Penal Code Sections 459 and 460 do not require 'unlawful or unprivileged entry' for a burglary conviction." *Id.* at 857. The only document supporting Trejo–Ramirez's conviction was an abstract of judgment, describing the crime

as "attempted first degree burglary." Thus, there is no judicially noticeable document to supply the missing element of "unlawful or unprivileged entry." *Cf. id.*

