**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roberto Rios VIZCARRA,**
**Defendant–Appellant.**

United States of America,
Plaintiff–Appellee,

v.

Jaime Rios Vizcarra, Defendant–Appellant.

Nos. 06–10048, 06–10054.

United States Court of Appeals,
Ninth Circuit.

Argued as to 06–10054 and Submitted as to 06–10048 Nov. 15, 2006 *.

Filed Dec. 11, 2006.

---

* This panel unanimously finds case number 06–10048 suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Victor S. Haltom, Esq., Sacramento, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Circuit Judge, FARRIS and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Roberto and Jaime Rios–Vizcarra each appeals his sentence, imposed after jury trial convictions for conspiracy to distribute heroin and methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a), and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). Jaime also was convicted of substantive money laundering in violation of 18 U.S.C. § 1956(a).

Because sentencing in the cases occurred before the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this court's decision in *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc), a panel of this court in an earlier appeal granted a limited remand following sentencing. *United States v. Vizcarra*, 134 Fed.Appx. 161 (9th Cir.2005). Upon remand, the district court declined to impose a different sentence for either appellant.

■ In sentencing Roberto, the district court considered a prior conviction. Reliance on the prior conviction was not error. In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court did not overrule its holding in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which permits courts to rely on prior convictions during sentencing even if the prior conviction has not been proved to a jury.

■ In sentencing Jaime, the district court was required only to "explain why" it did not impose a different sentence. *Ame-*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*line,* 409 F.3d at 1079. It did so by referring to the reasons it articulated in sentencing Roberto, and by expressly finding that Jaime's sentence was reasonable. It thus did not misapply *Ameline.* The fact that Jaime, as a deportable alien, was not eligible to participate in the Bureau of Prisons drug rehabilitation program did not render the sentence unreasonable.

AFFIRMED.