**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10205 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00948-CKJ |
| v. | |
| JAIME BELTRAN-JIMENEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted August 14, 2013[**]

Before:    SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Jaime Beltran-Jimenez appeals from the district court's judgment and
challenges his bench-trial conviction and 35-month sentence for reentry after
deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C.
§ 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Beltran-Jimenez contends that the district court erred by denying his motion to dismiss the indictment. We review de novo the denial of a motion to dismiss a section 1326 indictment. *See United States v. Muro-Inclan*, 249 F.3d 1180, 1182 (9th Cir. 2001).

Beltran-Jimenez argues that his state court conviction cannot support the deportation order underlying his current conviction because his counsel provided ineffective assistance in the state proceeding. Because Beltran-Jimenez had counsel in the state proceeding, he may not now collaterally attack his state court conviction. *See United States v. Gutierrez-Cervantez*, 132 F.3d 460, 462 (9th Cir. 1997). Moreover, *Padilla v. Kentucky*, 559 U.S. 356 (2010), is not retroactive. *See Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013). Accordingly, the district court properly denied the motion to dismiss.

**AFFIRMED.**