

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30090 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-06045-FVS-1 |
| v. | |
| ANTONIO AGUILAR-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30091 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-06018-FVS-1 |
| v. | |
| ANTONIO AGUILAR-LOPEZ, | |
| Defendant - Appellant. | |

Appeals from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Senior District Judge, Presiding

Argued and Submitted October 11, 2013
Seattle, Washington

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: TASHIMA, GRABER, and MURGUIA, Circuit Judges.

Defendant Antonio Aguilar-Lopez appeals his convictions for Alien in the United States After Deportation, in violation of 8 U.S.C. § 1326, and Manufacture of a Controlled Substance (Marijuana) and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. For the reasons stated below, we affirm.

1. A defendant in a § 1326 proceeding generally may not collaterally attack the state court criminal conviction that served as the basis for the defendant's underlying deportation order. *United States v. Gutierrez-Cervantez*, 132 F.3d 460, 462 (9th Cir. 1997) (citing *Custis v. United States*, 511 U.S. 485, 493-97 (1994)). The exception, *id.*, does not apply. The district court therefore did not err in denying Defendant's motion to dismiss the indictment on that ground.

2. Pursuant to our general rule, we decline to review on direct appeal Defendant's challenges to the effectiveness of defense counsel. *See United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005) (citing *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003)) (stating that general rule), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir.

2007) (en banc). Neither of the two "extraordinary exceptions" to that general rule applies here.[1] *See id.* at 1156.

3. The district court's denial of Defendant's motion for a mistrial was not reversible error. Even assuming that Cantu's statement amounted to a violation of Defendant's Fifth Amendment rights under *Doyle v. Ohio*, 426 U.S. 610 (1976), the district court's decision to admit the statement was harmless beyond a reasonable doubt. *See United States v. Velarde-Gomez*, 269 F.3d 1023, 1034 (9th Cir. 2001) (en banc). The extent of Cantu's statement was limited, the likelihood that the jury drew from the statement an unfavorable inference of guilt sufficient to affect the outcome of the case was slim, and the prosecutor did not attempt to use the statement to establish such an inference. *See id.* Additionally, substantial additional evidence existed to support Defendant's conviction. *See id.*

4. To the extent that the district court erred by failing to comply with the procedural requirements of 21 U.S.C. § 851(b), the error does not require reversal because it did not affect Defendant's substantial rights. *See United States v. Severino*, 316 F.3d 939, 947 (9th Cir. 2003) (en banc). Defendant had sufficient notice of the government's intent to rely on his prior Idaho state criminal

---

[1] With respect to Defendant's challenges to the effectiveness of defense counsel, we affirm without prejudice to raising those claims in a subsequent habeas petition.

3

conviction as the basis for his enhanced sentence. Defendant also had opportunities to deny the validity of that conviction at his change-of-plea hearing and in his sentencing memorandum. He declined to do so, and instead conceded that the "predicate offence [sic] is a possession of a controlled substance." Because Defendant had sufficient notice and opportunity to be heard with respect to the validity of his prior conviction, his substantial rights were not affected by the district court's alleged error. *See United States v. Hamilton*, 208 F.3d 1165, 1169 (9th Cir. 2000) (holding that reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism suffice to satisfy a defendant's due process rights).

**AFFIRMED.**