

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10239 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00421-JCM-VCF-1 |
| v. | |
| CARLOS ALBERTO CEDANO-PEREZ, AKA Carlos Arturo Cedano-Perez, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted November 5, 2013**
Pasadena, California

Before: McKEOWN, GOULD, and BYBEE, Circuit Judges.


Defendant-Appellant Carlos Cedano-Perez appeals his below-guidelines

46-month sentence following a conditional guilty plea to illegal reentry into the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

United States after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Cedano-Perez contends that the district court erred in applying a 16-level increase for a prior crime of violence, under U.S.S.G. § 2L1.2(b)(1)(A)(ii), based upon Cedano-Perez's 2000 Nevada conviction for battery with substantial bodily harm. Cedano-Perez contends that he is actually innocent of the Nevada offense, and that he received ineffective assistance of counsel. Absent denial of right to counsel, Cedano-Perez misunderstands the power of our court to review his Nevada conviction. *See Daniels v. United States*, 532 U.S. 374, 376, 121 S. Ct. 1578, 1580, 149 L.Ed.2d 590 (2001) (prohibiting collateral attack of prior state conviction in 28 U.S.C. § 2255 proceeding); *Custis v. United States*, 511 U.S. 485, 114 S. Ct. 1732, 128 L.Ed.2d 517 (1994) (prohibiting collateral attack of prior state conviction at federal sentencing proceeding). As Cedano-Perez had counsel during his state court criminal proceedings, the district court appropriately concluded that Cedano-Perez could not collaterally attack his Nevada conviction at his federal sentencing.[1] *See United States v. Martinez-Martinez*, 295 F.3d 1041, 1044-45 (9th

---

[1] We do not consider here whether Cedano-Perez could challenge his state conviction under 28 U.S.C. § 2255 as a "rare case[]" in which there was previously no available channel of review due to "no fault of his own." *See Daniels*, 532 U.S. at 376.

Cir. 2002); *United States v. Gutierrez-Cervantez*, 132 F.3d 460, 462 (9th Cir. 1997).

**AFFIRMED.**